Wood *v.* Whiting.

---

———— •◦• ————

## WOOD *vs.* WHITING.

An instrument in these words, " Received of H. Gaul the following orders or demands for collection, and to be paid over to the said Gaul or his order, on the first day of November next, or as soon thereafter as collected," is more than a mere receipt. It is an agreement, by which the receipt of the demands, for collection, is admitted, and a stipulation given that the avails shall, when collected, be paid over to H. Gaul, or to his order.

Consequently parol evidence cannot be received, to contradict the instrument, by showing that the demands mentioned therein were received as the demands of G. & B., for the purpose of being collected and paid over to a creditor of G. & B., for whom the person signing the instrument was agent.

Where the substantial allegations in a complaint are not directly denied, and no issue is taken upon them, in the answer, but the defendant states other facts, inconsistent with those set forth by the plaintiff, this will not be construed as a denial of the complaint, so as to prevent the allegations of the complaint from being taken as true.

Merely making a counter statement, or giving a different version of the matter from that contained in the complaint, without denying the allegations of the plaintiff, is not specifically controverting such allegations.

Wood v. Whiting.

APPEAL from a judgment entered upon the report of a referee. The complaint alleged that on the 9th day of July, 1851, at the city of Rochester, one Henry Gaul delivered to and placed in the hands of the defendant, as his agent, for collection, certain accounts, orders or demands against sundry persons in Canada, to the amount of $135, which were received and taken by the defendant, and were to be paid over to said Gaul or his order on the first day of November, 1851, or as soon thereafter as collected ; and that the defendant at the same time made and executed and delivered to said Gaul a receipt or agreement, in the words and figures following, to wit :

"Received of H. Gaul, the following orders or demands for collection, and to be paid over to said Gaul or his order, on the 1st day of November next, or as soon thereafter as collected :

| A. Bethune, | Port Hope, ord. due Nov. 1, | | | $9 00 |
| Jas. Newman, | " | " | " | 36 00 |
| Ridout, Brother & Co., Toronto, | " | " | 9 00 |
| A. Christie, | " | " | " | 9 00 |
| Young & Harney, | Hamilton, | " | " | 36 00 |
| Carpenter & Wood, | " | " | " | 36 00 |

$135 00

A. S. WHITING, *Agent for Winsted*
Dated Rochester, July 9th, 1851.          *Manf'g Co.*"

The plaintiff further alleged that the said Henry Gaul, on the 20th day of September, 1851, also delivered to and placed in the hands of the said defendant, as his agent, for collection, a certain other account or demand against one Jacob Neads, in Canada, to the amount of $18, which was received and taken by said defendant, and when collected the same was to be accounted for and paid over by the defendant to said Gaul. And that the defendant at the same time made, executed and delivered to said Gaul a receipt or agreement, in the words and figures following, to wit ;

"Received of H. Gaul, an account against Jacob Neads, of Bowmansville, C. W., for 12 grain cradle woods, $18, to be accounted for to said Gaul when collected.

Rochester, September 20, 1851.        A. S. WHITING."

The plaintiff further alleged that the defendant, since the execution of said receipts, and before the commencement of this action, had received and collected each and every of said accounts and demands mentioned in said two receipts, and realized the money thereon, amounting, together, to the sum of $153, and had not accounted or paid over to said Gaul or to the plaintiff, the same or any part thereof, except the sum of $23, which was paid by the defendant to said Gaul, to apply upon the receipt first above mentioned, and the same was indorsed thereon on the 19th day of June, 1852, by said Gaul in writing, by the knowledge, consent or request of the defendant.  The plaintiff further alleged, that the said Henry Gaul, on the 25th day of June, 1852, did by instruments in writing, for value received, duly sell, assign and set over unto the plaintiff, the said two receipts and the demands therein mentioned, and order the payment thereof to him, the same being then due to said Gaul, and wholly unpaid ; and from information and belief the plaintiff further alleged, that before the said assignment and transfer of said demands by Gaul to the plaintiff, and after the receipt and collection of said demands mentioned and included in said two receipts by the defendant, he, the defendant, promised and agreed to and with the said Gaul, to pay him the said moneys so collected, but has neglected and refused so to do, and still neglects and refuses to pay the same over to said Gaul or the plaintiff, and the plaintiff alleged that by means of the premises, he, the defendant, was indebted to him, the plaintiff, in the sum of $134.27, with interest thereon from the 19th day of June, 1852, which said sum remained due and unpaid to the plaintiff, and for which sum, with interest, the plaintiff demanded judgment against said defendant, besides costs.

The defendant, by his answer, stated upon information and belief, that on and prior to the 16th day of January, 1851, and from then till about the 1st of Sept. 1851, the said Henry Gaul,

Wood *v.* Whiting.

in the complaint mentioned, and one Elisha W. Bryan were part-
ners, and as such, engaged in the manufacture of the wood work
for grain cradles, called cradle woods, at the city of Rochester,
under the firm name of H. Gaul & Co., and also under the
firm name of Gaul & Bryan. That such cradle woods were
manufactured for market and sale, and were sold by them to
divers persons in Canada West and elsewhere on credit; and
the said accounts, orders or demands alleged in the complaint
to have been delivered to and placed in the hands of the de-
fendant by the said Henry Gaul for collection, were demands
against the individuals and firms mentioned in the receipts or
agreements set forth in the complaint, for cradle woods, sold
and delivered to them by said Gaul & Bryan, prior to the date
of said receipts, and which, at the dates of said receipts, were
held by said Gaul & Bryan. The defendant admitted the exe-
cution and delivery of the receipts in the complaint mentioned,
but alleged upon information and belief, that the accounts, orders
or demands therein mentioned, were, at the dates thereof re-
spectively, the property of said Gaul & Bryan, as such part-
ners. The defendant further stated, upon information and be-
lief, that on or about the 16th day of January, 1851, the said
Gaul & Bryan requested the Winsted Manufacturing Company,
(a company incorporated under the laws of the state of Connec-
ticut, and doing business at Winchester, in said state of Con-
necticut,) to send them, the said Gaul & Bryan, twenty-five
dozen cradle scythes, by the 1st day of May, then next, for
each and every dozen of which they offered and proposed to pay
the company $12 by the 1st day of December, then next; and
as a security for such payment to said company, (in case said
scythes were sent to them in pursuance of their said request,)
they, the said Gaul & Bryan, also agreed that orders obtained
by them for cradles, (meaning accounts, orders or demands
which they might have from time to time against different per-
sons for cradles sold in the way of their business,) should be
handed over to the defendant, (who was then, and still is, the
agent of the said company for the sale of scythes manufactured
by them, and the collection of debts due said company for

scythes sold,) for collection to the amount of the price of the twenty-five dozen scythes when they should be delivered. That the said twenty-five dozen scythes were, on or about the 20th of April, 1851, delivered by said company to Gaul & Bryan, in Rochester, in pursuance of their said request; and that other scythes were afterwards, and from time to time during the year 1851, sold and delivered by the said company, by and through the defendant, as their agent, to Gaul & Bryan, to the number of sixty-one scythes, at the price, and of the value of $61; and that the said accounts, orders or demands in the complaint mentioned, and in the said receipts set forth, were delivered by said Gaul as one of the firm of Gaul & Bryan, and on account of said Gaul & Bryan, to the defendant, to be collected and the proceeds applied by him towards the payment of the price of said scythes to the company, and that he had so applied said proceeds. The defendant further alleged, that whether or not the said Gaul, by instruments in writing, or otherwise, asumed to sell, assign and set over unto the plaintiff the said receipts and the demands therein mentioned, the defendant had no knowledge or information sufficient to form a belief. But he, on information and belief, denied that Gaul ever did or could assign the said receipts and the demands therein mentioned to the plaintiff, or any thing more than such individual interest therein as he might have had as aforesaid. And the defendant, upon information and belief, denied that he ever promised or agreed to and with said Gaul to pay him the moneys collected by him on said demands mentioned and included in said receipts; and he denied that he was indebted to the plaintiff in any sum whatever.

The cause was referred to a referee, who found the following facts : That on or about the first day of January, 1851, Elisha W. Bryan and Henry Gaul were partners in the business of manufacturing grain cradles in the city of Rochester, to be sold wherever a market for the same could be found. On or about that day, the said Gaul & Bryan made a contract with the Winsted Manufacturing Company, to furnish them, the said Gaul & Bryan, with all such scythes as they should want dur-

Wood *v.* Whiting.

ing the then ensuing season ; and to secure the payment there-for, it was agreed by the said Gaul & Bryan, that they would from time to time "hand over" to the defendant, the agent of the Winsted Manufacturing Company, through whom, as such agent, the said contract was made, orders, obtained by them for cradles, and which they should have supplied, to be by him, the said Whiting, collected, and the amount, or so much thereof as should be required, to be applied in payment for the scythes so furnished. In pursuance of this agreement, and on the same day that it was made, the said Gaul & Bryan drew an order on the said company, in the following words :

"Rochester, January 16th, 1851.

Messrs. Winsted Manufacturing Co.: Please send twenty-five dozen cradle scythes, Houghton pattern, edge of back pol-ished ; length, from 47 to 49 inches ; the majority of them 48 inches, but a little round in the bend of the nib, and we will pay for them twelve dollars per dozen, on or before the first day of December, 1851, to the bearer. It is also agreed that orders obtained by us for cradles, are to be handed over to A. S. Whiting, for collection, to the amount of the price of the scythes, when the scythes are delivered.          H. GAUL & Co."

In pursuance of this order, and the above mentioned agree-ment, the twenty-five dozen scythes were delivered, and also five dozen scythes, for which no written order was drawn. The last five dozen were furnished by the said company through the agency of the said Whiting, from two differ-ent houses in the city of Rochester, but in pursuance of the same parol agreement. On the 17th day of April, 1851, the said Gaul & Bryan handed over to the defendant, orders for cradles which they had furnished, received from different indi-viduals in Canada West, to be collected and applied in payment for scythes to the amount of $252, most of which the defendant collected and applied as aforesaid. These orders were re-ceipted as received from Bryan alone, and contained an express agreement to collect and apply as above specified. On the 9th day of July, the defendant called on Gaul for more orders to

collect in payment for scythes, and thereupon, certain orders for cradles, which had been delivered by Gaul & Bryan, were delivered to the defendant by Henry Gaul, who made no reply to the request for orders, but drew the receipt of that date, set out in the complaint. Gaul delivered to the defendant the orders mentioned in the receipt. On the 20th day of September, 1851, the defendant received another order for cradles, which had been delivered by Gaul & Bryan, and gave the receipt of that date, mentioned in the complaint. These orders were collected by the defendant. On the 19th of June, 1852, the defendant paid Gaul $23, claiming that was all that was due Gaul & Bryan. Gaul at that time claimed that two dozen of the scythes charged had not been received by Gaul & Bryan, but by Bryan on his own account; and claimed $24, on receiving which he was willing to settle and balance the accounts. The parties did not agree on this, and could not settle; the sum of $24 only, dividing them. At this interview, mutual accounts were exhibited, and were by both parties admitted to be correct, except the charge in the defendant's account for two dozen of the thirty dozen scythes. The $23 paid as above to the defendant, was all that was due Gaul & Bryan, had the two dozen been allowed. That they were had by Gaul & Bryan, and should have been allowed. On the 25th day of June, 1852, Gaul duly assigned the claim on which this action is founded, to the plaintiff. The referee's conclusion of law on the above facts was that the defendant was entitled to judgment for costs.

Judgment was entered accordingly, and the plaintiff appealed.

*H. R. Selden,* for the appellant.

*L. Farrar,* for the respondent.

*By the Court,* JOHNSON, J. The defendant in his answer alleges that the orders or demands specified in exhibits A and B, were received by him on account of Gaul & Bryan, to collect, and to apply the proceeds to the payment of a demand of the Winsted Manufacturing Company against Gaul and Bryan,

Wood *v.* Whiting.

for scythes sold and delivered to them.   On the trial he offered
to prove this by parol, which was objected to by the plaintiff,
on the ground that it contradicted the writing.   The objection
was overruled, and the plaintiff excepted.   This, I think, was
error.   The writings are clearly more than mere receipts.
They are agreements by which the receipt of the demand for
collection is admitted and a stipulation given, that the avails
shall, when collected, be paid over to the plaintiff's assignor or
to his order.

The defendant undertook to collect for Gaul, and to pay over
to him or to his order, and parol evidence, tending to show that
they were received as the demands of Gaul & Bryan for the
purpose of being collected and paid over to the manufacturing
company, was in direct conflict with the plain terms and import
of the written stipulations.   The parties had the right to make
this arrangement in regard to these demands, and the defendant
having entered into it, cannot contradict or vary it by parol, and
show that he received them, not for the purpose expressed, but
for some other, entirely different.

The agreement, signed H. Gaul & Co., by which it was
agreed that they should hand over to the defendant, as agent
for the manufacturing company, orders obtained, to the amount
of scythes furnished, for collection, was prior in point of time,
and the defendant clearly had no right to pay the avails of the
orders or demands in question, or apply them under that agree-
ment, after having given the stipulations upon which this action
is brought.

The plaintiff having purchased these claims against the de-
fendant in good faith, I think the latter is estopped from saying
that the agreement was different from what it appears to be
upon its face.   It would operate as a fraud upon the plaintiff.
It is true that the plaintiff, as assignee, took subject to all the
equities between the defendant and the assignor, existing at the
time of the assignment; but there are no equities which ope-
rate to defeat the express agreement.   No fraud or mistake
as to facts is alleged in the answer; but the whole defense, in
substance, consists in this, that the agreement under which the

---

Wood *v.* Whiting.

---

demands were received for collection was different, in fact, from its terms and legal import.

Again; the allegations in the complaint are none of them directly denied. No issue is taken upon the substantive allegations in the complaint, and they must be taken to be admitted, unless certain other facts stated in the answer, inconsistent with those alleged in the complaint, are to be construed into a denial. But this will not answer. The code, § 168, provides that every material allegation in a complaint, not *specifically* controverted by the answer, shall, for the purposes of the action, be taken as true. Merely making a counter statement, or giving a different version of the matter from that contained in the complaint, without denying the allegations therein contained, is not specifically controverting such allegations.

I am of opinion, therefore, that the plaintiff was entitled to judgment upon the pleadings, alone.

Judgment reversed and new trial ordered, with costs to abide the event.

[MONROE GENERAL TERM, December 3, 1855. *Welles, Selden* and *Johnson,* Justices.