(22 Misc. Rep. 99.)

## BERNSTEIN v. CROW et al.

### (Supreme Court, Appellate Term. December 27, 1897.)

1. ACTION ON NOTE—WANT OF CONSIDERATION.

   In an action by the indorsee of a draft who is a bona fide holder for full value before maturity, against the drawer and the acceptor, it is no defense that it was made and accepted without consideration for the accommodation of the payee.

2. PLEADING—ANSWER.

   Under Code Civ. Proc. § 522, providing that "each material allegation of the complaint, not controverted by the answer, * * * must, for the purposes of the action, be taken as true," the mere making of a counter statement, or giving a different version of the matter from that contained in the complaint, without denying the allegations thereof, is not a controversion of such allegations.

Appeal from city court of New York, general term.

Action by Morris Bernstein against Moses R. Crow and others. From a judgment of the general term (46 N. Y. Supp. 1089) affirming a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Franklin Bien, for appellants.

Wahle & Stone, for respondent.

McADAM, J. The action is on a $250 draft drawn by the defendant Crow, October 16, 1896, on the New York & Westchester Water Company, payable five days after date, to the order of Stephen J. Stilwell, and indorsed and delivered by Stilwell to the plaintiff. The draft was accepted by the drawee on presentation. The action is defended by the drawer and the drawee, and the defense is that the draft was made and accepted without consideration for the accommodation of the payee. The plaintiff, however, is a bona fide holder of the paper for full value, before maturity; so that this defense is not available as against him either by the drawer or the drawee. 1 Pars. Bills & N. 279; Mechanics' Banking Ass'n v. New York & S. White Lead Co., 35 N. Y. 505; Bank of Attica v. Pottier & Stymus Mfg. Co. (Sup.) 1 N. Y. Supp. 483; 4 Lawson, Rights, Rem. & Prac. § 1593; Farmers' & Mechanics' Bank of Kent Co. v. Butchers' & Drovers' Bank, 16 N. Y. 125; Heuertematte v. Morris, 101 N. Y. 63, 4 N. E. 1.

An attempt was made at the trial to attack the acceptance by the company as having been made by some person on behalf of the

company without authority. The second paragraph of the complaint alleges:

"That thereafter, on or about October 28, 1896, said note was duly presented to New York and Westchester Water Co., who wrote across the face of it in red ink the following:
" 'N. Y., Oct. 28, 1896.
" 'Accepted. Payable November 9, 1896.
" 'N. Y. & Westchester Water Co.
" 'C. F. Jordan.' "

This allegation of the complaint is expressly admitted by paragraph I. of the answer of the company; and paragraph III. of the company's answer avers:

"This defendant, further answering, and as a separate and distinct defense, avers that the defendant New York and Westchester Water Company is a domestic corporation, created by and under the laws of the state of New York, and that this defendant accepted said note alleged in the complaint herein, without any consideration being received by it for the acceptance of such note, and that the person accepting the same had no authority from the defendant corporation to accept the same."

The company, having expressly admitted the acceptance of the draft by it in the first paragraph of its answer, and reiterated the admission in the third paragraph, was not at liberty to thereafter deny the existence of such fact, or to prove any state of facts inconsistent therewith. Fleischmann v. Stern, 90 N. Y. 110. There can be no issue as to an allegation not controverted. The Code of Civil Procedure (section 522) provides that "each material allegation of the complaint, not controverted by the answer, * * * must, for the purposes of the action, be taken as true." Merely making a counter statement, or giving a different version of the matter from that contained in the complaint, without denying the allegations therein contained, is not a controversion of such allegations. Wood v. Whiting, 21 Barb. 190, 198; West v. Bank, 44 Barb. 175, 179; Abb. Tr. Brief, § 552. Having expressly admitted that it accepted the draft, the allegation of acceptance must, in the language of the Code provision referred to, "for all the purposes of the action, be taken as true."

This construction of the pleadings eliminates from the record most of the exceptions relied on; and, as there is no merit in the remaining ones, the judgment must be affirmed, with costs. All concur.