WILLIAM H. Ross–Lewin, Assignee, etc., Respondent, *v.* Luther Redfield, Appellant.

(Argued February 5, 1877; decided February 13, 1877.)

This action was brought by plaintiff as the assignee in bankruptcy of William Johnston. The complaint alleged that the defendant, on November 1, 1870, received from the bankrupt, knowing that he was then insolvent, $2,700 of the money of Johnston, and had not paid the same or any part thereof; that the bankruptcy proceedings were commenced November 2, 1870, and that Johnston was declared a bankrupt November 25, 1870.

The defendant, in his answer, first denied each allegation of the complaint "except as hereinafter admitted." In the third count of the answer he admitted the receipt of the money as Johnston's agent, and averred that on the same day he paid to Johnston, or on his order, $1,900 thereof, and denied knowledge of Johnston's insolvency. *Held*, that the answer, in substance, admitted that $800 of the money received by defendant remained in his hands; and that a charge that plaintiff in any event was entitled to recover that amount was proper.

Defendant, on cross-examination, after testifying that the answer was put in by his attorney during his absence, and that he knew nothing about it, was asked if he had given his counsel the facts in the case, in order that he might put in an answer. This was objected to on the ground that the conversation between attorney and client was privileged. The objection was overruled and said counsel excepted. *Held*, untenable, as the question did not call for a conversation; that the objection was premature, and there being no objection to evidence subsequently given by the witness as to what occurred between him and his attorney, that the question as to whether a party as a witness can be compelled to testify to conversations between him and his attorney in the progress of the suit, was not presented.

*Geo. F. Danforth* for the appellant.

*W. F. Cogswell* for the respondent.

ANDREWS, J., reads for affirmance.
All concur, except RAPALLO, J., not voting.
Judgment affirmed.