MICHAEL CONWAY, Respondent, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

(Decided July 15th, 1879.)

The court has power on the trial to allow an amendment of the complaint by striking out an admission therein contained, even although the defendant has in his answer accepted such admission and used it as one of the material facts upon which to found a counter-claim.

In case such an amendment is allowed, it is proper for the court to order the trial to proceed on the pleadings as amended when the defendent does not claim to be surprised or unprepared to proceed, nor ask for time to answer the amended pleading.

The plaintiff, although he had no original appointment, performed services as assistant janitor in cleaning and taking care of the county court house, and the board of supervisors of the county thereafter passed a resolution recognizing the performance of such services and appointing him assistant janitor, his appointment to date from the time when he commenced to perform such services. *Held,* that this was a ratification of the services performed by the plaintiff, and entitled him to recover the reasonable value of them in the same manner as if he had been originally appointed.

*Held,* also, that the resolution having appointed the plaintiff "in the place of R. S.," that the court was not bound to assume that R. S. had performed services up to the date of the passage of the resolution where it was proved that the plaintiff's name had appeared on the pay-rolls from the time when he commenced to render such services, and that the name of R. S. had not so appeared, and the resolution therefore was not an attempt to transfer to the plaintiff the compensation for services which had been performed by R. S.; but the court was bound to assume that the board of supervisors, having had its attention called to the fact that the plaintiff, by some authority, whether legal or not, had taken the place of R. S. as janitor and was performing such services, ratified the informal appointment.

APPEAL from a judgment entered upon a verdict for plaintiff rendered at a trial, and from an order denying a motion made upon the minutes for a new trial.

The plaintiff in this action was employed as assistant janitor in the sheriff's office of the county of New York, and rendered services as such from the 2d of January, 1871, to the 1st of January, 1874. The plaintiff gave no evidence of the precise manner of his appointment.

The plaintiff proved that upon the pay-rolls of janitors, &c., from January 1st, 1871, to September 1st, 1871, his name appeared as janitor in the sheriff's office, and that he was paid for his services as such janitor during said period, at the rate of $100 per month. It would appear that some question having arisen as to the regularity of the appointment of the plaintiff the matter came up before the board of supervisors in 1872, and the claim of the plaintiff was referred by the board to a committee, who made the following report :—

"That having duly examined the claim of the party named therein, and being satisfied that he has performed the duties assigned him in a faithful manner for the time mentioned, and being deserving of the appointment and the balance of salary now due him, your committee would recommend the adoption of the resolution.

"Resolved, that Michael Conway be, and he is hereby appointed, as assistant janitor in the sheriff's office, in the place of Robert Smith, said appointment to date from January 1st, 1871.

> "D. D. CONOVER,
> "JAMES McLAREN,
> "WILLIAM JOYCE,
> "ALEXANDER WILDER,
> "THOMAS COWAN,
>
> "Committee on county offices."

Which report was accepted, and resolution duly adopted.

The defendants having refused to pay the plaintiff for his services rendered between the 1st day of September, 1871, and the 1st day of January, 1874, the plaintiff brought this action to recover the same, and in his complaint alleged that having "claimed" that he was irregularly employed as janitor he presented his case to the board of supervisors, &c.

The answer of the defendant admitted this allegation, and claimed to recover from the defendant the sum already paid to him. Upon the trial of the action, the court allowed the complaint to be amended by striking out the allegation hereinbefore particularly mentioned, to which the counsel for the defendants duly excepted, claiming that the court had no power to allow an admission in a pleading to be stricken out by way of an amendment.

The jury rendered a verdict for the plaintiff for $2490 04, and from the judgment entered upon that verdict this appeal is taken.

*David J. Dean*, for appellant.

*Elliot Sandford*, for respondent.

VAN BRUNT, J. [after stating the facts as above].—As to the question respecting the power of the court to allow the amendment complained of by the defendants, it seems sufficient to say that the power to strike out an allegation seems to stand upon precisely the same foundation as the power to insert an allegation necessary to the plaintiff's cause of action. It cannot be contended that, if the plaintiff, within the time allowed to him to amend his complaint as a matter of right, had served an amended complaint, omitting an allegation or admission contained in his original complaint, his practice would not have been entirely regular, and the power given to the courts to allow amendments seems to be principally an authority in the court to enlarge in its discretion the time in which amendments can be made. If the defendant had claimed to have been surprised by the amendment, or that he was unprepared to proceed with the trial and desired to answer the complaint as amended, it would have been the duty of the court to have postponed the further trial of the cause ; but as no such claim was made, the court had full power to allow the amendment complained of in this action, and proceed with the trial.

The next question to be considered is, whether the plaintiff can maintain a recovery, he having shown no original appointment, and whether the board of supervisors did, by the resolution of December 16th, 1872, legally ratify the action of its clerk in putting the plaintiff's name upon the pay-rolls and adopt the services which had been rendered by the plaintiff to the county.

It is urged by the defendants that the language of the resolution appointing the plaintiff shows that he was appointed in the place of Robert Smith, and that the court in construing the resolution must assume that Smith was alive and earning his pay up to the date of the resolution, and that the board attempted to transfer Smith's past earning, which the board had no power to do.

It would seem, however, that under the circumstances of this case the court is bound to assume exactly the contrary of the foregoing.

The evidence shows that immediately after the plaintiff commenced to render services as janitor his name appeared on the pay-roll, and there is no pretence that Smith's name was contained in the pay-roll after the plaintiff's appeared, and I think that we must assume that in December, 1872, the board of supervisors, having had its attention called to the fact that the plaintiff by some authority, whether legal or not, had taken the place of Robert Smith as janitor, and was performing such services, ratified the informal appointment of the plaintiff. If Smith had performed any services after the plaintiff commenced to render services the defendants could have easily shown it.

The only other question in the case seems to be disposed of by the decision of the general term of the Supreme Court (first department) in March, 1877, in the case of *Sheridan* v. *The Mayor*. In that case the assignor of the plaintiff had performed certain repairs to the county buildings by order of different members of the board of supervisors. The court held that the doing of the work under the orders given was not sufficient to render the debt incurred for it a county charge. But as it was work that the board had the power to cause to be done at the expense of the county, it could disregard their regular manner in which it had been directed, and ratify the acts of its members in procuring it. This case clearly holds that, although a creditor may have no legal demand for work done, yet if he is equitably entitled to payment, and the work, if originally ordered by the board, would have been a legal county charge, the board may adopt the work and ratify the claim of the creditor therefor. Applying the principles of this decision to the case at bar, it follows that the resolution of December, 1872, was a ratification of the plaintiff's irregular appointment, and made his claim for services against the city entirely legal.

The judgment should be affirmed with costs.

BEACH, J., concurred.

J. F. DALY, J.—I do not concur in the view that the

court had power to allow an amendment of the complaint by striking out an express admission therein, upon the faith of which the parties had gone to trial (*Fearing* v. *Irwin*, 4 Daly, 385); but this does not affect the result, in which I concur, for the other reasons stated.

Judgment affirmed with costs.