Pee Cueiam.
— The action, so far as it was against the defendant Salter, was brought to enforce his liability as the *496 acceptor of a draft or bill of exchange drawn upon him. Its presentation to and acceptance by him was alleged in the complaint, and by his answer. Without either generally or specifically denying either of the allegations in the complaint, he admitted “ the acceptance of a draft similar to the one set forth in the complaint herein, but alleges that the same was for the accommodation of the drawer and co-defendant Canfield, and that there was never any value or consideration for the acceptance or payment of said draft by this defendant.” The plaintiff did not prove the acceptance of the draft by Salter, and because of that omission the referee determined the action in his favor. But in that he was clearly in error, for his answer contained no general denial and no specific denial of the acceptance of the draft by Salter, but admitted the acceptance of a similar draft without any allegation that it was different from the one set forth in the complaint. It was admitted in effect that the allegation contained in the complaint on this subject was true. That resulted from the omission to deny, either generally or specifically, what was alleged in the complaint. And the failure to deny the acceptance of the draft, together with the statement admitting the acceptance of a similar draft, was all that could be required to establish the fact that the defendant Salter did accept the draft in suit, as it was alleged he did in the complaint. The construction placed upon the pleadings by the referee was unsupported, by which he concluded that the acceptance of the draft was not established. He should, on the contrary, have held the pleadings to have admitted the fact of the acceptance, and determined the action upon the basis of the existence of that fact.
The judgment should be reversed and a new trial granted, with costs to abide the event.
Note.— See to same effect Porter agt. Frall (67 How., 445); Callanan agt. Gilman (67 How., 464) and Spiegel agt. Thompson (ante, 129).— [Ed.