Van Brunt, P. J.
This action was brought to recover a sum due upon a contract made between the plaintiffs and a co-partnership alleged to have been composed of James T. Keenan, the defendant’s testator, and one Thomas Nugent. The defendant by her answer having denied the co-partner•ship, it became necessary for the plaintiff to prove the same, and the only evidence which was offered to substantiate this allegation of the complaint was a portion of the answer of the present defendant as executrix in an action begun .against her by Nugent, in which she alleged on information and belief that the said Nugent and Keenan were jointly interested in a contract with the department of street -cleaning of the city of New York ; and also a finding by the referee in said action in substantial accord with the allegation in the answer.
This proof was duly objected to ; the objection was overruled, and upon this evidence alone was based the direction ■of the court that the allegation of partnership contained in the complaint in this action was made out.
In this we think there was error. It is true that admissions in pleadings, in an action between other and different parties, have been received in evidence by the courts. The ground upon which these admissions have been received has been because they were admissions against the interest of. the party making them, and because of the great probability that a party would not admit or state anything against himself or against his own interest unless it was true.
And, furthermore, these admissions have been confined to those cases where the admissions contained the assertion of facts which, from the nature of the case if true, must have *393 been within the knowledge of the party making the admission, and the pleading is verified by him.
These rules are laid down in. the case of Cook v. Barr (44 N. Y. 156) and their application is apparent.
Therefore an admission contained in pleadings between ■other parties, simply founded upon information and belief, where there is no presumption that the facts alleged or •denied must have been within the knowledge of the party making the allegation or denial, and where the allegation or •denial is not against the interest and the party making the ■same, cannot be i’eceived in evidence as establishing any fact. In the case at bar the alleged admission was not ¡against the interest of the defendant, who was asserting a right in respect to a fact as to which there is no presumption that she had any personal knowledge whatever. Therefore the two elements which are necessary to exist in ■order to justify the admission of this allegation of the pleadings are conspicuously absent, and under no rule of evidence •could it be admitted.
The admission gains no force from the fact that subsequently the referee in the case ill which the admission was made found the statement to be correct. Neither would it lose any force by the fact of a finding in that action that the •admission or statement was not correct. It is entirely immaterial as to its admissibility in evidence what has become of the action in which the admission has been made. 'Therefore the finding of the referee in the action in which ■the admission was made was entirely immaterial.
It did not conclude the plaintiff in this action and therefore it could not conclude the defendant, because estoppels •must be mutual.
There seems, therefore, to have been error committed in the receipt of this admission, and also in the receipt of the finding of the referee in the action in which that admiss\ n was made.
Notwithstanding the authorities cited upon the part of the plaintiff to sustain the admission of the finding, we *394 think that, as the parties were different, and as the finding could not have been offered in evidence in favor of the defendant, it may not be used against her.
The judgment must be reversed and a new trial ordered,, with costs to the appellant to abide the event.
Daniels and Beady, JJ., concurred.
NOTE ON ADMISSIONS IN PLEADING.
Two different effects of admissions.] The case in the text,, in connection with the one preceding it, illustrates a distinction—often overlooked by attorneys on the trial of causes, but of much practical importance—between admissions in pleadings considered as defining the issues to be tried, and on the other hand, as evidence competent to go to the jury. In the first of these aspects, an admission in pleading, of a material allegation (cases 18, 19 below), is absolutely conclusive (cases, 1-17, 26) so long as it stands upon the record, and is untraversed (case 20); but may be entirely got rid of by amendment (case 28). In the other aspect, considered as evidence, it is never conclusive, but cannot be got rid of by amendment (AM. Trial Brief, Civil Jury, 65).
In the first of these aspects, the question whether there is-an admission, and the question of its effect, are always questions for the court; and it is error for the court to give the pleadings to the jury for the purpose of enabling them to-define the issue upon which they are to pass (cases 23, 24).
In the second aspect, when the pleading is offered as evidence, its effect as an admission is wholly a question for the-jury, as would be the case with any other writing proved to-have come from the same party, and put in evidence as his: admission ; and after it has been read in evidence the court may, under the rules applicable to giving documents to the-jury, let the jury take out the pleading and give to the admission such weight and effect as they deem it entitled to (AM. Trial Brief, Civil Jury, 165).
It follows from these distinctions that, for the first mentioned purpose of defining the- issues, the pleadings are before the court as a part of its own record without offering them in- evidence; and that, for the second purpose, they are not before the jury, nor proper to be considered by them, unless formally offered in evidence like any other documents, and received as evidence by the court. Inconsistent defences]. The rule that matter in one *395 defence must stand upon its own sufficiency, unaffected by the matter in any other defence, is a sound general principle-even in cases of inconsistency, so called at common law. The common law principle—adopted out of consideration of the inaptitude of a jury for complex issues—which required that so far as possible, pleading should end in a single issue, resulted in the requirement that the matter in avoidance should always be coupled, in legal effect, with a confessionj and hence, at common law, if new matter in defence was consistent with the truth of the declaration, it was regarded as inconsistent with a denial of it; and defendant must choose between interposing a traverse, or a confession and avoidance.
But the injustice of this rule was soon apparent under the new procedure; and in this State by express provision of the-Code, and in other States by construction (except in a few where the language of their statute is deemed to prevent it), a defendant may plead inconsistent defences, and may in one defence deny for the purposes of that defence what at the same time he admits in another defence for the purposes of that other (case 25). The main object of amending the statute so as expressly to allow inconsistent defences, was to abolish the old rule that an avoidance was not consistent with a denial. The-courts have not, and I do not suppose that they ever will, construe that statute as allowing allegations or allegations and denials absolutely inconsistent, such that if the pleading be verified, one or the other must necessarily constitute perjury.
Admissions in separate defences.] For the purposes of’ what is here said, it will be convenient to use the word defence in its most general sense, as including general denials, and counterclaims, as well as new matter in avoidance; for the principle governing the effect of an admission in any one of these separate parts of an answer on matter contained in another separate part, are the same.
It is a familiar rule, that each defence must be complete-in itself. The pleader who desires to dispense with the necessity of reiterating, at length, in a subsequent defence, allegations or denials which he has already made in a previous one, may do so, by expressly saying in the subsequent one, that he refers to and adopts as a part thereof the specified matter in the previous one. But he must put himself on record as doing this. He cannot do it merely by word of mouth. For obvious reasons of convenience, the court will not go oof of one defence in search of matter in some other defence, not referred to in the former, and will not do this at instance of either-party. Hence follows the now settled rule, that the issue raised by one defence, is not modified, either to the help or to-the hurt of the pleader, by an admission or denial contained *396 in another defence ; that is to say, for instance, if the suffi-eiency of new matter pleaded as a defence necessarily requires a denial of some particular allegation of the complaint, that denial must be contained in that defence, either at length or by express reference ; and if it be omitted there and the allegation be consequently tacitly admitted, in that defence, it does not aid the defence that such a denial is contained in some other defence in the same answer, nor even that there is •a separate general denial in the answer (cases 26, 27).
If there is an inconsistency in fact and objection is made ¡at the trial, the party may elect which fact he will stand upon .and be allowed to withdraw his allegation and admission of the other (case 28).
Waiver of an admission by going into evidence.] The ■rule above stated as to the conclusive effect of an admission in pleading, as defining the issue to"be tried, is subject to an important qualification, which supersedes the rule in some eases where the party who might avail himself of an admission refrains from relying upon it. and goes into evidence on the ¡subject, as if the admission did not exist. There has been ■considerable difference of opinion upon this subject, but I believe the rule is now well settled, that a party whose allegation is admitted by his adversary’s pleading does not, as matter of law, necessarily exonerate the adversary from the conclusive effect of the admission, either by adducing evidence himself to the contrary of it, or by allowing the adversary to adduce evidence in support of the admitted allegation. Notwithstanding such unresisted reception of evidence, the court may and ordinarily should hold the parties to the trial of the issues which they have presented in the pleadings, and treat •the admission as conclusive ; and may find the fact, or may ■direct a non-suit or a verdict, in accordance with the admission, notwithstanding the insufficiency of the evidence which has been given in the attempt to establish the fact admitted, •or the cogency of the evidence which has been received contrary to the admission (case 29).
The most that can be said in support of the idea that going into evidence is a waiver of an admission, is, that in the ¡trial court the judge has discretionary power to treat the admission as waived, and to find, or to give his directions to the jury, according to the evidence; and that, if this be done, and the case is afterwards carried up by appeal, it is in the -discretion of the appellate court, in furtherance of justice, to treat the cause as counsel treated it upon the trial and refuse to reverse, because the admission was, by consent, as it were, ignored (case 30).
Of course, where the trial court allows amendment, retract *397 ing the admission before the reception of the evidence on that point, and the trial proceeds under the amended pleadings, there is no longer any question of admission in the case. The case of Zimmer against the Brooklyn Sub-railway Company, in the text, admonishes us that an application to conform the pleadings to the proof, by striking out an admission after the evidence has been received, stands upon a different footing from an application to amend before going into evidence, for ordinarily an order conforming the pleadings to the proof, is allowable only as a formality, to make the record represent what has been tried, while amendment before the proof, is a substantial change, intended to mark out the lines of the issue which is to be tried. Hence, as a general rule, a direction to conform the pleadings to the proof by a change in the issue, is not to be given where a substantial admission is thereby retracted, except upon the same terms of allowing the other party to amend or have an adjournment for further preparation, or both, which usually is a condition of allowing amendment before proof.

Notes of Gases.

1. General rule. 2. Instances of implied or indirect admissions. 3. Exception to the general rule. 4. Duty of the court. 5. Inconsistent defences and incomplete defences. 6. Waiver by going into proof.
1. General rule that admission as matter of pleading dispense with and preelude proof.
1. Paige v. Willet, 38 N. Y. 28. Here held that a party who formally and explicitly admits by his pleading that which establishes the right of the opposite party, will not be suffered to prove any state of facts inconsistent with that admission. And a defendant cannot raise an issue which he has closed by admissions in his answer.
2. Conner v. Keese, 105 N. Y. 643. Where an answer admits the essential allegations of the complaint, and sets up new matter in avoidance thereof, the affirmative of the issue is with the defendant to sustain his defence; and if he fails to do so, the allegation of the complaint, stands admitted without proof on the part of the plaintiff. (Action by a sheriff on the official bond of one of his deputies. The defence rested solely upon the claim that, a false return, which plaintiff alleged the *398 deputy had made had not been proved. The allegation of false return 'having been admitted by the answer, judgment reversed.)
3. Hall v. U. S. Reflector Co., 30 Hun, 375 (action to- recover for moneys loaned). The rule is reiterated, that to avoid the possibility of surprise the law requires that each party shall be apprised substantially ■of the ground intended to be relied upon by his adversary in the -course of the trial, when that may take place. And when the pleadings fail to do that, the party chargeable with the failure can derive no advantage from evidence appearing upon the trial, tending to establish the existence of a cause of action or defense not included in his pleadings. [Citing McKyring v. Bull, 10 N. Y. 297 ; Laraway v. Perkins, 10 Id. 371; Brazill v. Isham, 12 ld. 9; Rubber Co. v. Goodyear, 9 Wall. 788, 793; Wright v. Delafleld, 25 N.Y. 266, 270; Hudson v. Swan, 83 2d. 552; Southwick v. First Nat. Bank of Memphis, 84 Id. 420.] Hence a judgment upon a defense unpleaded cannot be sustained. •Judgment reversed.
4. Hooper v. Beecher, 4 N. Y. State Rep. 473. The allegation in the complaint in an action to set aside an alleged fraudulent assignment made by a co-partnership that the assignment was made by the defendants, which the answer failed to deny, precludes proof by the defendants that all the co-partners did not assent in the execution of the assignment. As by the failure to deny the allegation of making, etc., no issue on that point was presented, the reception of evidence as to the non-assent, was held reversible error.
5. Porter v. McGrath, 41 Super. Ct. (J. & S.) 84, 102. Where, in an •action against a husband to recover possession of land his answer claims .possession under adverse title, he is precluded by such admission from showing actual occupancy in his wife.
6. Bruce v. Kelly, 39 Super. Ct. (J. & S.) 27. The admission of title in the plaintiff by the answer. Held, to preclude defendant from insisting that the plaintiff was a mere trustee. Action to set aside a sheriff’s sale of real estate under execution. Judgment affirmed. [Paige v. Willet, 38 N. Y. 28; Thomas v. Austin, 4 Barb). 265.]
7. Schreyer v. Mayor, etc. of N. Y., 39 Super. Ct. (J. & S.) 1. A defendant who formally and explicitly admits by his answer that which establishes plaintiff’s right, will not be suffered to deny its existence, •or to prove any state of facts inconsistent with that admission. [Ham v. Mayor, 37 Super. Ct. (J. & S.) 458; Paige v. Willet, 38 N. Y. 28.] So held, in an action upon a city contract, where the trial court ■dismissed the complaint on the ground that the contract sued upon was not the defendant’s contract, the defendant’s answer having admitted the allegations of the complaint. Judgment reversed.
See Schreyer v. Mayor, etc. of N. Y. (above cited); followed in *399 Donovan v. Board of Education of N. Y., 44 Super. Ct. (J. & S.) 53. Action by an infant for personal injuries, sustained from an unguarded opening in a public school yard, where it was held, that by admitting the allegations of the complaint the defendant could not avail itself of the claim that the liability for the accident, rested upon another. Judgment dismissing complaint reversed.
Durant v. Abendroth, 15 N. Y. State Rep. 339. In an action on ■a promissory note, the plaintiff’s omission to give direct evidence of the making of the note,—néld, supplied by a statement in the answer which though not an express admission of the making, showed that it had been recognized as a valid obligation by the defendant in bankruptcy proceedings. Judgment affirmed.
9. Whatever has been admitted in the pleadings cannot be contra■dicted in the subsequent pleadings on the trial or in the verdict. Getty v. Town of Hamlin, 46 Hun, 1; s. c., 11 N. Y. State Rep. 96. This was an action against two towns for injuries received in conse•quence of a defective approach to a bridge. The complaint alleged that the bridge was kept and maintained at the expense of both towns, and the answer admitted this allegation. Evidence was offered at the trial tending to exonerate one of the towns, in which it was shown the bridge was not in any part located, ■and a non-suit was granted as to that town. At the close of the case a non-suit was also granted as to the other town, on the ground that the approach in question was exclusively under the control of the other town, as to which a non-suit was previously granted.
10. Wiltsie v. Village of Greenbush, 4 N. Y. State Rep. 814. A contract set forth in. the complaint not being denied by the •answer, held, that it must also be deemed admitted that the contract existed and also that it was binding on the parties to it. [Citing Maraston v. Swett, 66 N. Y. 206; Schreyer v. Mayor, 39 Super. Ct. 1.] Hence an objection that the plaintiff failed to prove that the contract was valid and binding is unavailable. Judgment affirmed.
2. Instances of implied or indirect admissions.
11. Fiske v. Bailey, 51 N. Y. 150. The complaint in an action for damages for injuries sustained by falling into a cistern, alleged •that defendant was the keeper of a public boarding-house, with whom plaintiff took board. The answer denied the allegations of the complaint, and alleged that plaintiff was unlawfully on the defendant’s premises.—Held, that the ownership of the premises was not put in issue by the pleadings, but, on the contrary, the answer, by necessary implication, admitted defendant’s title at the time of the injury. -Judgment affirmed.
12. Quackenbos v. Edgar, 61 N. Y. 653; affi’g 34 Super. Ct. *400 (J & 8.) 333. Where, in an action to recover for a breach of a contract, the complaint alleges the making of a contract to repair plaintiff’s house, and the answer admits the contract as set forth in the complaint, defendant is thereby estopped from showing that plaintiff did' not own the house and was not the person injured. Judgment of the general term, reversing the judgment, which "dismissed the complaint on the ground that the plaintiff was not the party injured,—affirmed.
13. Rabel v. Griffin, N. Y. Daily Reg. Dec. 19, 1883; Com. PI. Sp. T. 1883. The complaint, in an action to recover from an assignee for creditors funds claimed to have been held by his assignors in trust for the plaintiff, alleged that, such funds being on desposit in a bank, the assignee drew them out and deposited them with a banking house. The answer admitted that such funds had come into the hands of the assignee, and that he had deposited them with such banking house, but denied the other allegations of the complaint upon information and belief,—Held, that the denial did not extend to the allegation that he personally drew the funds from the bank, but merely related to the allegations of the complaint in regard to the origin of the funds, and that the assignee must therefore be held to have personally drawn the funds. Judgment for plaintiff.
14. Ross-Lewin v. Redfield, 68 N. Y. 627. In an action by an assignee in bankruptcy, an answer denying the allegations of the complaint, except as afterwards admitted, and averring that defendant received the sum of $2,700—as alleged in the complaint,—as the bankrupt’s agent, and on the same day paid to the bankrupt $1,900 thereof, virtually admits that $800 of the money remained in defendant’s hands, and a charge, that in any event plaintiff is entitled to recover that amount, is proper. Judgment affirmed.
15. City of Brooklyn v. Copeland, 106 N. Y. 496. A city in an action to compel specific performance by a purchaser of its contract to-sell lands acquired by it for park purposes, alleged that plaintiff, under the provisions of the statutes, became and still is the owner in fee and possessed of the property in question, and that by an act of the legislature authorizing it, a sale of such lands was made to the defendant.— Held, that an answer which only denied that the legislative acts therein mentioned were' competent to vest in said city the ownership in fee of the lands therein described, admitted a compliance with the requirements of the statutes by the city, and only raised an issue as to the quantum of the estate which it thus obtained. Judgment affirmed. ,
16. Wallach v. Commercial Fire Ins. Co. of N. Y., 12 Daly, 387. The answer to a complaint upon a policy of fire insurance, which admits the issue of a policy to the plaintiff, but denies that its terms and provisions are in the complaint “ correctly and fully” stated, is- *401 neither a general nor a specific denial of the material allegations of the complaint as required by Code Civ. Pro., § 500, but admits the issue-of the policy set forth in the complaint. Exceptions to the omission to-prove the policy are therefore unavailing. Judgment affirmed.
17. Millville Manuf. Co. v. Salter, 15 Abb. N. C. 305 ; s. c., as Melville Manuf. Co. v. Salter, 21 Weekly Dig. 355. In an action-brought to enforce the liability of defendant as the acceptor of a draft or bill of exchange drawn upon him, when the answer, without generally or specifically denying the acceptance of the draft, admits the acceptance of a draft similar to the one set forth in the complaint, but alleges that it was without consideration, such acceptance need not be proved by plaintiff. Judgment reversed.
18. The express admission of an irrelevant fact does not alone let in evidence of it. Crane v. Mayor, etc. of N. Y., 13 N. Y. State Rep. 342.
19. And the tacit admission of a fact which, though material in the sense of being relevant, is not material in the sense of being essential, does not preclude evidence, as for instance in case of an allegation of partnership, where the pleader can stand equally well on the joint contract without partnership. Oechs v. Cook, 3 Duer, 161.
20. Hurd v. Hannibal & St. Joseph R. R. Co., 18 Weekly Dig. 239. The defendant, by his answer, having denied the truthfulness of a concession in the complaint, cannot afterwards avail himself of such concession as an admission. So held, affirming judgment in an action for the price of certain elevators, built by plaintiff under agreement with defendant, which the latter was to accept after completion and pay therefor the value, less the receipts of such elevators ; and the complaint alleged the receipts to have been a certain amount which the answer denied and the proof subsequently showed the receipts to have been less than alleged. Judgment affirmed.
21. Plaintiff sued for board furnished to defendant, and defendant denied and set up a counterclaim for board furnished to plaintiff, to-which the latter replied with a denial; and plaintiff furnished a bill of" particulars containing a charge against defendant for board, and a credit. allowed him for similar service of a less amount. Held, the credit is. not conclusive evidence of legal liability to that amount; for a plaintiff' is not bound to furnish a statement of payments voluntarily credited ;. and it is not the office of a bill of particulars to furnish a defendant -. with facts whereon to found ah affirmative defense in hi§ behalf.. Hence the admission was amendable, therefore attention should have ■ been called to it at the trial. Case v. Pharis, 106 N. Y. 114; s. c., 12: N. East. 431; 7 Cent. 779.
22. But it is not error to disregard an implied or tacit admission inj *402 the pleadings, if the attention of the court was not called to it. Williams v. Hayes, 20 N. Y. 58 (see cases below).
4. Duty of the court.
23. A party has a right to have the jury instructed what are the issues upon the pleadings, and what is admitted therein, so far as necessary for their guidance. McKinney v. Hartman, 4 Iowa, 154 (holding it error to refuse, and disapproving the stating to them of a mere general rule of pleading that what is' not denied is admitted, and leaving it to them to apply it).
24. It is for the judge, and not for the jury to ascertain and define fihe issues to be tried. Porter v. Knight, 63 Iowa, 365; s. c., 19 Northw. Rep. 282; Bryan v. Chicago, etc. Ry. Co., 63 Iowa, 365; s. c., 19 Northw. Rep. 295 (holding it error to give the jury the pleadings, for ¡this purpose, at least without clear instructions as to what the issues ’¡were).
5 Inconsistent defences and incomplete defences.
•25. A denial of wrongful detention and refusal is not waived, .-and demand and refusal thus admitted, by a separate defence alleging •¿title in defendant; for a defendant may now plead inconsistent defences. ■ Goodwin v. Wertheimer, 99 N. Y. 149.
So it is not inconsistent for ’defendant, while resisting the cause of ¡action by denying that legal liability can arise under the relations of ¡the parties, to interpose a counterclaim of the same nature, in order ¡that, if the plaintiff’s claim is allowed, he may, on the principle allowing it, be allowed a reduction- or offset. Case v. Pharis, 106 N. Y. 114, 118.
26. Under Code Civ. Pro., § 522, providing that “ each material allegation of the complaint not controverted by the answer must for the’ purpose of the action be taken as true,”—if the complaint states a cause of action, and the defendant omits to controvert by answer the plaintiff’s allegations, such omission has the force of a formal admission; nor is the defendant thereafter at liberty on the trial either to deny the existence of the facts constituting the cause of action, or to prove any state of facts inconsistent with such admission. [Citing Tell v. Beyer, 38 N. Y. 161; West v. Am. Exch. B’k, 44 Barb. 175; Marston v. Swett, 66 N. Y. 206, 210; s. c., 23 Am. Rep. 43; Paige v. Willets, 38 N. Y. 28.] Hence the failure of a defendant sued upon a note to deny allegations in the complaint stating an adequate consideration precludes him from availing himself of a defense set up in his answer that the note was usurious. Fleischman v. Stern, 90 N. Y. 110; affi’g 24 Hun, 265.
*403 27. The application of this rule, made in the above case to defeat the -defence of usury, because it did not contain a denial of the contract as alleged by plaintiff, has been thought by some inconsistent with the previous case of Newell v. Doty, 33 N. Y. 83, 92, where a plea of usury was sustained without any denial; but the decisions seem to be consistent and both correct, when it is noticed that in Newell v. Doty, 'there appears to have been in plaintiff’s complaint no other allegation of consideration than the general one of value received, implied in pleading ■a promissory note; and defendant did not controvert the receiving of value, but alleged that such value was usurious. While in Fleischman v. Stern, plaintiffs specifically alleged a consideration adequate in •amount, and the defence of usury required a denial of consideration in that amount. The rule in Newell v. Doty, is recognized so recently as Lewis v. Barton, 106 N. Y. 70.
28. A party who has pleaded inconsistent causes of action or •defences has a right to elect at the trial which to stand upon, and to amend by striking out the other.
If this be done, the only right which the inconsistency gives the • adversary is to prove it as evidence of an admission. Breunich v. Weselman, 100 N. Y. 609; affi’g 49 Super. Ct. (J. &S.) 31 (holding that therefore defendant might elect between them at the trial); s. p., Conway v. Mayor, etc. of N. Y., 8 Daly, 306.
29. Potter v. Smith, 70 N. Y. 299. In an action of trespass upon lands, the complaint alleged possession and ownership of the locus in quo in plaintiff. The answer alleged in substance that defendant was the owner of lands adjoining the lands of the plaintiff, mentioned and described in the complaint, that he had a right of way across the •said lands of the plaintiff, and that he entered to remove obstructions unlawfully placed thereon. The answer concluded by denying the allegation of the complaint, “ except as hereinbefore answered.” Held, that the ownership and possession in the plaintiff of the locus in quo were admitted by the pleadings; and that although plaintiff unnecessarily attempted to show possession in fact at the time of the alleged trespass, but failed, and the proof showed title and possession in his wife, yet it was no error for the court to allow him to repose ■upon the admissions.
30. If no objection is made to evidence offered by a party to the contrary of an allegation of his adversary which he has admitted, and the evidence is received, the finding may be according to the evidence irrespective of the allegation.
Bryan v. Baldwin, 52 N. Y. 232, 234, Grover, J., says: “Had the objection then been made, the plaintiff could have moved to amend his complaint so as to conform to the facts ; but there was no necessity for him to do this so long as no objection was made to the proof.”