JAMES W. PAIGE ET AL., RESPONDENTS, v. JAMES S. WILLET, ADMINISTRATOR, &c., OF JAMES C. WILLET, LATE SHERIFF, &c., APPELLANT.

*Execution—Sheriff's liability for Interest—Failure to pay over or Deposit.*

On the receipt of an execution issued upon a judgment, the Sheriff is required to proceed to collect the debt and interest from the rendition of the judgment; and, having collected the same, it was his duty forthwith to pay over to the Plaintiff in execution, or to his attorneys, the amount so collected. When circumstances require it, he may bring the money into Court, that the Court may order to whom it shall be paid.

But neither paying the money to the proper party in execution, nor bringing it into Court, he will be chargeable with the amount collected, and the interest due thereon from the time of the collection of the same, and the necessary costs of compelling such payment.

WOODRUFF, J.—The complaint alleges the recovery of judgment, in favor of the Plaintiffs, against Lewis O. Wilson and others, on the 5th of August, 1858, and the issuing and delivery of an execution thereon to the original Defendant (the intestate), then Sheriff, &c., on the same day. This was not admitted by the answer. The complaint further and fourthly averred, that within sixty days after the receipt of the said execution, the Defendant, as Sheriff, by virtue thereof, levied on personal property of Wilson, one of the judgment-debtors, which he had theretofore attached, and collected for the Plaintiffs $8,753.36, with interest from the date of the judgment, besides his fees and poundage.

The answer admits that the Defendant received a paper purporting to be an execution based upon the alleged judgment, and that he collected thereon the amount as mentioned in the fourth subdivision of the complaint.

There is no *denial* that he received the execution as alleged. An admission that he received what purported to be an execution is consistent with the allegation in the complaint, that there was delivered to him on the day alleged, an execution on the alleged judgment. When, therefore, the Plaintiffs, on the trial, produced

the judgment record, proved a recovery as alleged in the complaint, the Plaintiffs, by the pleadings and such evidence, had established that they did recover a judgment for $8,753.36 against Wilson and others on the 5th of August, 1858, and on that day issued and delivered to the Defendant an execution thereon, and that within sixty days thereafter the Defendant levied on the personal property of one of the debtors (Wilson), and collected on the execution $8,753.36, with interest from August 5, 1858, besides his fees. Quite unnecessarily, I think, the Plaintiffs went further, and produced and put in evidence the execution itself, endorsed, "Received, August 5, 1858," and with a receipt or certificate also therein, endorsed, "Received on the within execution $8,753.36, as within I am commanded. J. C. Willet, late Sheriff." True, this certificate says nothing about interest, but this was not inconsistent with the admissions in the answer. And it may import a collection so soon after the receipt of the execution that interest had not accrued to any material amount, or the term, " as within I am commanded," may import that he has collected that sum with the interest, fees and poundage, as required for the satisfaction of the judgment which he was commanded to satisfy.

At all events, the answer and proofs are ample to charge the Defendant with such duty as resulted from the receipt of an execution on the 5th day of August, 1858, and the collection of the amount, with interest.

That duty plainly was forthwith to pay over to the Plaintiffs, or their attorney, the amount; or if the circumstances of the case warranted him in so doing (as to which the pleadings raise no question), to pay the money into Court, for the Plaintiffs and in satisfaction of their judgment.

If this duty was neglected, he was liable to the Plaintiffs for damages, which would be the interest on the money and any necessary costs of compelling such payment.

The Defendant was therefore put to showing a sufficient legal excuse for not paying over the money. He was, as above stated, concluded by his admission, and could not claim that he had not collected the amount of the judgment on the execution, and out

of the property of the judgment-debtor. And this renders it wholly unnecessary to consider the special transactions between the Defendant's deputy and the assignee of the judgment-debtor.

If, in truth, the Defendant had not received the money as payment of the execution debt, but the deputy had merely received a check as security, or by way of indemnity, the answer should have denied that he had collected the money on the execution. In such case, and had the proofs clearly shown that the money was not collected, or that the Sheriff never received it upon terms that made it his duty to apply it on the execution, or that he did not receive it upon terms which made it his right or duty to apply it on the execution until the pending motions were disposed of, a very different question would have arisen. The Plaintiffs' complaint would then have been (if they complained at all), that he did not collect the money and satisfy the judgment, or that he did not use due diligence therein.

What, then, is the supposed legal excuse or justification of the Defendant's delay and retention of the money from the 5th day of August, 1858, to Nov. 29, 1859 ?

1st. The pendency of motions to discharge the attachments against the property of the judgment-debtor; and 2d, the stay of the Defendant's proceedings pending those motions, or some of them.

Obviously, the mere pendency of motions to discharge an attachment against the property of a judgment-debtor has no effect upon the duty of the Sheriff to levy and collect the execution issued on the recovery of judgment in the action. Whether the attachment was properly issued or not, it was the duty of the Sheriff to levy the execution, and collect it if possible; and even if it proved that the attachment was erroneously or improvidently issued, and it was for that reason discharged, nevertheless, if the execution, when issued, was collected out of the property of the debtor, it was the duty of the Sheriff to pay over the money. The pendency of a motion to discharge the attachment was a matter wholly immaterial to any question affecting the duty of the Sheriff to collect the execution and satisfy the judgment. On the

other hand, if the property attached, and then kept within reach of the execution, was not the property of the judgment-debtor, or was claimed by third persons, or for any reason ought not to be subjected to levy, the Sheriff might be justified in returning the execution nulla bona ; or, pending the motion to dissolve the attachment, the Court had seen fit to stay the proceedings, or retain the money in the hands of the Sheriff, after he had collected the amount out of the property attached, the Sheriff could not have been required to pay interest thereon as damages for not paying over, or otherwise.

No doubt, when the Sheriff has first levied an attachment, and thereby obtained the custody of property or money alleged to belong to the debtor, and judgment is thereafter recovered, and execution issued, it would be a protection to the Sheriff, so far as the attached property alone furnished him the means of satisfying the execution, that the property was neither liable to attachment nor levy on the execution. And in a case of doubt the Court has full power to stay the proceedings of the Plaintiff, pending any motion or other proper inquiry.

How, then, was there no stay of proceedings from the recovery of judgment until the 25th of June, 1859, and then only from the 25th of June until the 9th of November, 1859 ? .

The charge of the Judge at the trial appears to be in conformity with these views. He instructed the jury that the Defendant was chargeable, to the extent of interest, from the date of the judgment, from which date the Sheriff had (or certainly ought to have) collected the interest, until the time when he paid the amount of the principal to the Plaintiffs' attorney, on account of the execution, deducting, however, from such period, the time during which " the Defendant was legally stayed from paying the money, viz., from June 26 to November 9, 1859."

This was quite as favorable to the Defendant as he could legally claim. It overlooked the fact, that if he had paid over the money, as he should have done, when he collected it, the Plaintiffs would have had the use of the money during· this interval of stay, and that there was plausibility, at least, in the claim that the Defend-

ant, by his neglect of duty, had deprived the Plaintiffs thereof, and by the delay had subjected it to the operation of such an order.

There was therefore no error in the principles governing the trial of the action, in respect to the liability of the Defendant.

But there is an exception to the charge of the Judge, in regard to the amount which the Plaintiffs were entitled to recover, which seems to me well taken.

The Defendant proved, and it is so expressly conceded in the case, that in pursuance of an order requiring him so to do, he had, since the return of the execution, paid to the Plaintiffs ninety dollars for interest received by the Sheriff on the money collected, and also paid the Plaintiffs interest on such ninety dollars from the 29th of November, when the execution was returned.

Now, the Sheriff was entitled to be credited with these payments, and yet the Judge instructed the jury, peremptorily, that the Plaintiff was entitled to recover interest on the judgment-debt of $8,753.36, from the rendition of the judgment, 5th of August, 1858, to the return of the execution, Nov. 29, 1859, deducting from such period the time when payment of the money was stayed—i. e., from June 26 to Nov. 9, 1859, and interest upon such interest from the said 29th Nov. to the date of the verdict, which was Nov. 26, 1861.

This was error. The Plaintiff had received from the Sheriff $90, and interest thereon, for interest on the judgment-debt, on proof that the Sheriff had himself collected such interest.

They were not entitled to recover the same interest again, as damages for the delay or neglect of the Sheriff to pay over the principal debt and interest thereon, when it should have been paid; yet such was the effect of this peremptory instruction.

A correct computation, according to the rule prescribed in the charge, making allowance for this error, shows that the sum which the jury were instructed to find exceeded the true amount; and if the Respondents see fit to abate from their recovery, and so avoid the delay and expense of a new trial, it is just that the error should be rectified.

Then the period for which interest was to be allowed, was from August 5, 1858, to Nov. 29, 1859—1 y. 3 mos. 24 days—less the period of the stay of proceedings, from June 26 to Nov. 9, 1859—4 mos. 14 days—viz., 11 mos. 10 days.

| | |
|---|---|
| Interest for that period on $8,753.36 is............$578 69 | |
| Crediting thereon the sum collected............ 90 00 | |
| | $488 69 |
| And allowing interest on the balance from Nov. 29, 1859, to the time of the verdict, Nov. 26, 1861 .. 68 13 | |
| The amount is.................................$556 82 | |

Upon filing their consent to reduce the verdict to that sum, and abate from the judgment accordingly, the Respondents should have judgment of affirmance for the reduced amount, without costs on this appeal.

If no such consent be filed, the judgment should be reversed, and a new trial ordered, with costs to abide the event.

Affirmed, conditionally.

JOEL TIFFANY,
State Reporter.