Abraham J. Van Dyke et al., Respondents, *v.* Thomas Maguire, Appellant.

Plaintiffs' complaint alleged that they performed services and furnished materials, at the request and for defendant, of the value of $3,423.49, which defendant agreed to pay. Before the answer a bill of particulars was demanded and served. Defendant answered admitting that plaintiffs performed work and furnished materials for him as alleged in the complaint, but denied they were of the value specified. *Held* (Earl, C., dissenting), that the answer only put in issue the value of the services and materials, and that, on the trial, an offer to show that the work and materials charged were not rendered and furnished for defendant was properly rejected.

(Submitted January 15, 1874; decided May term, 1874.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming

a judgment in favor of plaintiffs, entered upon the report of a referee.

This action was brought to recover for services alleged to have been rendered by plaintiffs, as carpenters and builders, and for building materials furnished and delivered by them to the defendant, to the amount and value of $3,423.49, which, as they alleged, the defendant promised to pay, and had paid $2,800 ; leaving unpaid and due $623.49. Before the defendant answered the plaintiffs' complaint, he demanded and received from them a bill of particulars of their demand. By his answer he admitted that plaintiffs " performed work, labor and services " for him, " and furnished materials, as alleged in their complaint," but denied that they were of the value and sum of $3,423.49, or that he promised or agreed to pay for the same; and averred that the same were of no greater value than $2,300, all of which he alleged he had paid ; and, by mistake, had paid $500 exceeding that sum, and demanded judgment in his favor for the excess. On the trial before the referee, the defendant offered to prove that the work and material alleged in the complaint to have been furnished and rendered, by the plaintiffs, had not been furnished to or rendered for him; which offer, upon the plaintiffs' objection that the defendant by his answer had simply put in issue the value of the services performed and of the materials furnished, was rejected, and the defendant excepted. Neither the bill of particulars furnished nor any of the evidence given on the trial are contained in the case. The referee found, as facts, that the value of the work, labor and services rendered and materials furnished by the plaintiffs, for the defendant, in the plaintiffs' complaint and bill of particulars, was $3,258.01, upon which the defendant had paid $2,800 ; and, as a conclusion of law, that the plaintiffs were entitled to recover of the defendant $458.07 and interest from January 28th, 1871; for which sum he directed judgment. No exception was taken to the report; judgment was entered as directed.

*James Troy* for the appellant.

*N. H. Clement* for the respondents.  No exceptions having been filed or served according to the provisions of the Code, the appeal should be dismissed.  (Code, §§ 268, 272 ; *Weed* v. *N. Y. and H. R. R. Co.*, 29 N. Y., 616 ; *Enos* v. *Eigenbrodt*, 32 id., 444 ; *Russell* v. *Du Flon*, 4 Lans., 399 ; *Brewer* v. *Isish*, 12 How., 488.)  A bill of particulars is an amplification of the pleading to which it relates, and is to be construed as forming part of it.  (*Melvin* v. *Wood*, 3 Keyes, 536 ; *Bowman* v. *Earle*, 3 Duer, 691 ; *Matthews* v. *Hubbard*, 47 N. Y., 428 ; *Seaman* v. *Low*, 4 Bos., 338.)

GRAY, C.  No exception was taken to the report of the referee, or question made as to any ruling made by him on the trial, other than. one founded upon his rejection of the defendant's offer to prove that the work and materials alleged in the plaintiffs' complaint to have been rendered and furnished by them for him had not been rendered or furnished. The defendant had, by his answer to the plaintiffs' complaint and bill of particulars before him, admitted in express terms that the plaintiffs had performed " work, labor and services, and furnished materials " for him, as alleged in their complaint ; and thus the parties had, by their pleadings, agreed to what the plaintiffs had alleged in their complaint in that respect ; and by this agreement they were bound to abide.  " That what the parties have agreed to in their pleadings shall be admitted though the jury find otherwise " (7 Bacon's Abridgement, 459), is an ancient rule, not to be departed from, except in cases where an amendment has been ordered. All that was put in issue was the value of the services and materials.  The offer was properly rejected ; and the judgment should be affirmed.

EARL, C. (dissenting).  The plaintiffs, in their complaint, alleged that, during the years 1869 and 1870, at the city of Brooklyn and town of Flatbush, they did and performed ser-

vices as carpenters and builders and sold and delivered building material, at the request of and for the defendant, to the amount and of the value, and for which defendant promised to pay, the sum of $3,423.49, and that there was a balance due, and unpaid, to them of $623.49; and for this sum they demanded judgment. The defendant, in his answer, after admitting that the plaintiffs were copartners, and "that they performed work, labor and services for the defendant, and furnished materials, as alleged in the complaint," denied that the same were of the value of $3,423.49, or that he promised or agreed to pay that sum; averred that the same were of no greater value than $2,300, which sum he had paid, and denied all the other allegations in the complaint.

Upon the trial, the defendant offered to show that the work and material alleged in the complaint had not been furnished or rendered to him. To this evidence the plaintiffs objected, on the ground that the answer did not deny the quantity of work performed and material furnished. The referee sustained the objection, and defendant excepted to such ruling.

The object of defendant's offer, as it was manifestly understood by plaintiffs' counsel and the referee, was to dispute the quantity of plaintiffs' work and materials. The plaintiffs claimed, and the referee held, that the defendant could not dispute the quantity but was confined, under his answer, to disputing the value of the work and materials; and whether the ruling of the referee was correct, is the question to be determined, and is before us upon defendant's exception.

The complaint alleges the time when and the place where the work was done and materials furnished, and the character of the work and materials. All this is admitted by the answer. It does not specify the items of the work and materials, nor their quantity, except that they were of the amount and value stated in dollars and cents in the complaint. The answer denies that they were of the value mentioned; and thus puts in issue everything which the plaintiffs would have to prove to show that they amounted to as much as they

claimed. The complaint alleges that the plaintiffs furnished work and materials for the defendant to the amount and value of $3,423.49. The defendant admits that the plaintiffs furnished work and materials to him, as alleged, but denies that they were of the value alleged. Under such an issue the plaintiffs must prove what the work and material amounted to; and to do this they must necessarily prove two things: first, what work and materials they furnished, and then their value; and both can be disputed by the defendant. Work which plaintiffs did not perform could not have entered into the value stated, and defendant did not admit such work. The plaintiffs could not point to any item of work or material and say that it was admitted. Hence, every item must have been open to litigation.

It appears that a bill of particulars was furnished by plaintiffs before the answer was put in; but it does not appear in the case, and hence, we can give it no effect. In any event, however, it formed no part of the pleadings, and did not modify their effect; its only office was to inform the defendant of the particulars of the plaintiffs' claim and to confine them in their proofs to the items contained therein.

I am, therefore, of opinion that the referee erred, and that the judgment must be reversed and new trial granted, costs to abide event.

For affirmance, LOTT, Ch. C., GRAY and DWIGHT, CC.

For reversal, EARL, C.; REYNOLDS, C., not voting.

Judgment affirmed.