By the Court.—Freedman, J.
The motion for a nonsuit was granted on the ground that the contract sued upon was not the contract of the defendants, and that they were not liable on it, and if the defendants were in a position to raise the objection, the complaint was properly dismissed. In Ham v. The Mayor, &c (37 Superior Ct. R. 458), this court distinctly held that the defendants are not liable for the acts or contracts of the Board of Education or the Department of Public Instruction, and this decision, if applicable to the case at. bar, would be conclusive upon that point. But under the pleadings in this case the defendants could not raise the objection. The complaint charged the defendants with having made the contract for the work, and with having agreed to pay the contract price. The answer expressly admits these allegations, and refers to the school trustees of the Tenth-ward, as defendants’ agents. The defendants have therefore concluded themselves by such admission. A party, who formally and explicitly admits, by his pleading, that which establishes the plaintiff’s right, will not be suffered to deny its existence, or to prove any state of facts inconsistent with that admission (Paige v. Willet, 38 N. Y. 28).
The admission referred to also precludes the defendants from insisting in the absence of a formal plea to that effect, that the contract as made is an illegal one. Since the Code, any new matter constituting a defense or partial defense must be pleaded (McKyring v. Bull, 16 N. Y. 297), and hence the objection that a contract which is fair upon its face, is illegal or contrary to public policy, must be taken by answer (Cummings v. Barkalow, 4 Keyes, 514).
The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.
Curtis and Speir, JJ., concurred.