ARGUED and decided with *People ex rel. Danziger* v. *P. E. House of Mercy* (*ante*, page 180).

---

HENRY DALE et al., Respondents, *v.* FRANK T. GILBERT, as Sheriff, etc., Appellant.

In an action to recover the possession of personal property, defendant gave an undertaking for the return of the property, which contained a recital admitting that plaintiffs had taken the property described in his affidavit and requisition from defendant's possession. Upon the trial, defendant offered to prove that he did not have in his possession, when demand was made upon him, more than one-quarter of the property mentioned in plaintiffs' affidavit, which offer was rejected, upon the ground that the admission was conclusive. Thereafter defendant, with the consent of his sureties, moved at Special Term for leave to substitute a new undertaking without the admission, in place of the original. The motion was denied upon the ground that as the court had held the admis-

sion conclusive, the court had no power to grant it. *Held*, error; that ·it was conclusive only until set aside, and as to whether or not this should be permitted, rested in the discretion of the Supreme Court.

*Martin* v. *Gilbert* (119 N. Y. 298), distinguished.

(Argued June 8, 1891; decided October 6, 1891.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made January 6, 1891, which affirmed an order of Special Term denying defendant's motion to set aside an undertaking given by him for the return of property replevied herein and for leave to serve a substituted undertaking, omitting therefrom a recital contained in the original admitting that plaintiffs had taken the property described in their affidavit.

The following is the opinion in full :

" In *Martin* v. *Gilbert* (119 N. Y. 298), the question depended upon the proper effect to be given a recital contained in an undertaking which remained unamended and in full vigor as when first delivered. The defendant in that case had given an undertaking by virtue of which he took back the property which had been taken by the coroner under his requisition. That undertaking contained a recital admitting that the plaintiff had taken from defendant's possession the property described in the plaintiff's requisition. Upon the trial, the defendant offered to prove that in fact he did not have in his possession or under his control, when the demand was made upon him, more than one-quarter of the property mentioned in the affidavit of the plaintiff accompanying the requisition. It was rejected by the court and, we thought, properly. We held that the recital in the undertaking was conclusive upon the defendant as to the fact of the amount of the property actually taken, and that the only issue left was as to the fraud. We thought the plaintiff had a right to rely on the recital, and that the defendant ought to be estopped from denying the fact admitted in the undertaking. We there gave some reasons for the conclusion that the plaintiff had this right, and we stated that he might have been misled by the recital, and so have failed to take any further measures to obtain possession of property which the defendant in the undertaking thus solemnly admitted that he was in possession

of and which he kept possession of by reason of such under-taking.  The question was not presented as to the right of the court upon the application of the defendant to amend the undertaking by striking out the admission with the consent of the principal and sureties thereto.

"We think the court has the power to permit such amendment, the same as it has the power to permit the correction of many other alleged errors which a party states that he has inadvertently made.  Whether it should be allowed or not depends upon the question whether the party in whose favor the error may have been made, can be placed in the same position substantially which he occupied previous to its commission.

"All that was said in the *Martin and Gilbert* case must be construed in connection with the fact that the bond in that case still remained on the record or files of the court unamended and with no motion for leave to amend the same. Upon the principles laid down in that case, it is apparent that an application to amend the undertaking so as to strike out the admission contained in the recital would come too late, when the parties had entered upon the trial, assuming that a motion to so amend the undertaking could be made at the trial. The admission in the above-cited case in fact remained in the undertaking, which was itself part of the record of the case, and was on the files of the court, and so, we held that under the circumstances no evidence could be admitted which should contradict the admission.  We assumed, as matter of law, that the party receiving the undertaking relied on the admission contained in the recital, and that no evidence to the contrary was admissible.

"We are still of the same opinion.  The admission was, so to speak, a part of the record so long as the undertaking remained unamended, and a party has a legal right to rely upon such an admission, and there is no principle upon which, so long as it remains of record, it should not be conclusive. In this respect it is like an admission in a pleading.  While the admission remains, evidence is not admissible to show that the party does not rely upon it.  It is an admission of record and is conclusive.

" If the pleading be amended by striking out the admission the truthfulness of the admission is still a question, when proven to have been made, but it is not conclusive upon the party who made it and he may give evidence to show that it was made inadvertently and mistakenly, and then the jury must decide whether, on the explanation, it be correct. (*Strong* v. *Dwight*, 11 Abb. Pr. [N. S.] 319 ; *Paige* v. *Willet*, 38 N. Y. 28.)

" When the application to substitute an undertaking, or in other words to amend it, shall be presented to the Supreme Court, it will be for that court to say whether, in view of all the facts, it should be granted.

" We said in the *Martin and Gilbert* case (*supra*), that we did not think the defendant should be allowed to contradict admissions of fact made in his own bond, by virtue of which he kept the property which had been taken by the coroner and we thought he was properly concluded by recitals in the bond upon the question of what property was in truth in his possession and taken by the coroner. It must be remembered, however, that it was by virtue of the undertaking, and not of the recital, that the property was taken back by the defendant. He would have been entitled to take back all the property which the coroner actually took from him, without putting a word of the recital in the undertaking. And as has already been intimated the language used in the *Martin* case was used in reference to a bond then on the record and unamended, and in such case we held the admission was conclusive.

" The question will still present itself to the court when the application to amend shall be made, whether in consideration of all the facts, justice would not be promoted by holding the defendant to his admission, and as bearing upon that question the inquiry would be very material, whether the party accepting the undertaking had relied upon the admission contained in it. If it should appear that he had so relied upon it during all the time when, but for such admission he would have made an examination and discovered the truth, and if it should further appear that by permitting the amendment the plaintiff would not be placed in the same position and with the same advantages he would have occupied and possessed had

such admission not been made, a case would be made upon such application for the consideration of the Supreme Court, which we doubt not would be decided by that tribunal in a manner consistent with justice and the rights of the different parties litigant.

" If the amendment were permitted it would still remain a fact that an admission had once been made by the defendant, and the question whether the admission were not, in fact, correct would not alone remain, but if it should appear that the admission had been made under such circumstances as to constitute an equitable estoppel in the plaintiff's favor, the admission would then still remain conclusive as to him.

" Upon the whole we think the Supreme Court had power to deal with the question, and the order denying the motion should be reversed and the case remitted to the Special Term to be heard and decided upon its merits.  As the main application of the defendant is addressed to the favor of the court below and it is not at all certain whether it will be granted, or if granted, upon what terms, we think that no costs of this appeal should be granted to either party."

*B. Frank Dake* for appellant.

*Abraham Gruber* and *Hadley Jones* for respondents.

PECKHAM, J., reads for reversal.
All concur, except EARL, J., not voting.
Order reversed.