.. Gates *et al.* v. Dundon *et al.*

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

Pleading—Variance—Contradicting Admissions.

    Where defendant, in his answer to an action on a note given for building materials supplied by plaintiffs to defendant's contractor, averred that the note was given under an agreement that defendant might at any time thereafter correct the amount of the note, and show that it did not represent the actual indebtedness of defendant, and also averred that the amount of the note greatly exceeded the actual debt, and that defendant was willing to pay the amount due for materials actually supplied, he cannot, without amending the answer, contradict such admission by evidence that the note was given under duress.

Appeal from city court, general term.

Action by Ephraim C. Gates and others against Arthur H. Dundon and Luman A. Soule on a promissory note. From a judgment of the general term of the city court affirming a judgment for defendants, plaintiffs appeal. Reversed.

Argued before Daly, C. J., and Bischoff and Pryor, JJ.

*Foster & Stephens,* (*Geo. W. Stephens,* of counsel,) for appellants. *William B. Ellison,* for respondents.

Daly, C. J. The defendant Soule contracted to build for the defendant Dundon a house in Fordham, N. Y., and abandoned the work before it was completed, and after he had been overpaid for what he had done. The plaintiffs, Ephraim C. Gates & Co., had sold lumber to Soule for this house, and the note in suit was given in payment for such material. The answer of Dundon set up (1) want of consideration; (2) false representations by plaintiffs as to the value of the material supplied by them and used in the house and not paid for; the allegation being that defendant was willing to pay plaintiffs the price or value of the material actually supplied and for which Soule was indebted; (3) that, being willing, as aforesaid, and deceived by such representations, and plaintiffs stating that they would file a lien on said property unless the amount claimed was paid, defendant signed the note in suit upon the express agreement that he might at any time thereafter correct the amount thereof, and show that the same did not correctly represent the indebtedness of Soule; and that the amount of the note grossly exceeds the amount due from Soule to the plaintiffs. These allegations, although stated as separate defenses, show but one, namely, partial failure of consideration; and the issue to be tried was, therefore, the making of the alleged representations and agreement, and the amount for which Soule was actually indebted to the plaintiffs for materials used by him in the construction of defendant Dundon's house. The plaintiffs would be entitled to recover for the amount actually due. *Forman* v. *Wright*, 11 C. B. 481. Testimony was given upon these

questions, and they were left to the jury; but the jury were also instructed that the note was void for duress if at the time the note was made the plaintiffs threatened to file a lien against the premises, which would cause other people who had done work to file liens, and that when those liens were filed the parties from whom Dundon was getting money would, in turn, refuse to make the advances or loans which they had agreed upon. The plaintiffs excepted to so much of the charge as permitted the jury to find a verdict in favor of the defendant, upon the ground of duress. The verdict was for the defendant.

The defense of duress was not set up in the answer, and was, besides, wholly inconsistent with the tenor of that pleading. Defendant expressly averred that he was willing to pay the amount which Soule owed the plaintiffs for material actually used-in the construction of his house, and that the note was given upon the understanding and agreement that if such amount should be found to be less than the face of the note, the latter should be corrected accordingly. Defendant's willingness, and the agreement for his protection, dispose of any claim of duress. The defense was not only not pleaded, but was not proven, for defendant's testimony substantially supported the allegations of his answer. The defendant having expressly admitted in his answer that he was willing to pay what was due, and that when the note was made it was upon the agreement substantially that it should be good for such amount and no more, he could not be permitted to show that he was acting under duress, for that would be to contradict an admission in his pleading, which is not permitted unless an amendment be ordered. 1 Greenl. Ev. 27; *Van Dyke* v. *Maguire,* 57 N. Y. 429; *Fearing* v. *Irwin,* 4 Daly, 385–396.

It is claimed that no objection was made by plaintiffs to the evidence contradicting the admission. The evidence was given by defendant Dundon in his narrative of the occurrences prior to and at the time of making the note, all of which were competent under the allegations of his answer respecting the representations and agreement. Plaintiffs were not bound to object at that time. When the case was submitted to the jury on the question of duress the plaintiffs duly excepted, and this saved their rights, as no motion to amend the answer had been made, and the admission in the pleadings was therefore conclusive. The judgment should be reversed, and a new trial ordered, with costs to abide the event.

BISCHOFF, J., concurs.

PRYOR, J. I concur, but without conceding that a threat to file a lien would be duress.