FRED D. BERRY, Appellant, *v.* EDWARD F. ROWLEY, Respondent.

*Action for an escape — pleading an admission of a fact coupled with a version of the transaction inconsistent with such admission.*

Where an answer, served in an action brought against a sheriff to recover damages for the escape of a judgment debtor committed to his custody, admits that the defendant permitted the judgment debtor to escape without the consent of the plaintiff, and on the trial of the action the defendant is allowed to amend the answer by adding thereto "that the said pretended escape alleged in the complaint herein was with the full knowledge and consent of the plaintiff and his agents and was induced by the trick and fraud of the plaintiff," etc., the defendant, notwithstanding the fact that the allegations thus added to the complaint are found by the jury to be true, is not entitled to have judgment directed in his favor.

An inconsistent version of a transaction is not a denial of it.

APPEAL by the plaintiff, Fred D. Berry, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Franklin on the 19th day of May, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Franklin, and also from an order bearing date the 11th day of May, 1896, and entered in said clerk's office, denying the plaintiff's motion for a new trial made upon the minutes.

The action was brought against the defendant, who was sheriff of Franklin county, to recover for the escape of a judgment debtor of the plaintiff from the liberties of the jail.

*John P. Kellas*, for the appellant.

*Samuel A. Beman*, for the respondent.

LANDON, J.:

The main question in the case is whether the plaintiff was enti-
tled to have judgment directed in his favor. The complaint charges
facts sufficient to constitute a cause of action against the defendant
for an escape, and alleges, among other things, that on April 2,
1895, " the defendant, without the leave or license, and against the will
of plaintiff, permitted the said judgment debtor, Louis Yell, to go
at large and beyond the said jail liberties, and said judgment debtor,
Louis Yell, did escape and go at large wheresoever he would, out of
the custody of the defendant, being sheriff as aforesaid, and beyond
said jail liberties," etc.

This complaint was served April 22, 1895. The defendant
served his answer May 8, 1895, in which he admitted all the allega-
tions of the complaint, except the allegation that the judgment
against Yell was for a cause authorizing the issue of an execution
against his body.

The case came on for trial May 11, 1895, upon this complaint and
answer. The plaintiff's counsel read in evidence the complaint and
original answer, also the judgment roll in the case against Yell, from
which it appeared that the plaintiff was authorized to issue an exe-
cution against the body of Yell, and thereupon the plaintiff rested.
The defendant was then or at some other stage of the trial per-
mitted to serve an amended answer. This consisted of the original
answer with additional allegations, of which only the following are
material here : " That the said pretended escape alleged in the com-
plaint herein was with the full knowledge and consent of the plain-
tiff and his agents, and was induced by the trick and fraud of the
plaintiff and his agents for the sole and only purpose of creating a
cause of action against the defendant, by which the plaintiff might
collect the judgment set forth in the complaint herein."

The question presented by this amendment to the answer was
then tried, the plaintiff's objections being overruled, and we assume
from the charge of the court and the verdict, that the jury found
the fact to be as thus stated.

As the case stood upon the original answer and judgment roll
read in evidence, the plaintiff was entitled to a verdict. But the
court in its discretion could permit an amended answer ; and when
that was done the amended answer superseded the original answer,

and although the original answer was read in evidence, it was only evidence, and no more conclusive than any other written admission. which might be read in evidence. The real difficulty arises from the fact that the amended answer contains all the allegations of the original, and thus admits that the defendant permitted the judgment debtor to escape without the consent of the plaintiff. The additional allegations in the amended answer do not either generally or specifically deny this allegation of the complaint, but are inconsistent with it. An inconsistent version of the transaction is not a denial of it. (*Marston* v. *Swett*, 66 N. Y. 206, 210; *Wood* v. *Whiting*, 21 Barb. 190; *West* v. *Am. Ex. Bank*, 44 id. 175.)

It must be held, therefore, that the testimony adduced by the defendant was addressed to no issue, and that the plaintiff was entitled to recover. (*Paige* v. *Willet*, 38 N. Y. 28; *Tell* v. *Beyer*, Id. 161; *Fleischmann* v. *Stern*, 90 id. 110; *Van Dyke* v. *Maguire*, 57 id. 429.)

It is probable that the defendant is placed in this position by his neglect to frame his amended answer properly, a neglect which it is possible may not be irreparable. Instead of directing judgment absolute against him, we reverse the judgment and order and grant a new trial, costs to abide the event.

PARKER, P. J., and MERWIN, J., concurred; HERRICK and PUTNAM, JJ., dissented.

Judgment and order reversed and a new trial granted, costs to abide the event.