## BERRY v. ROWLEY.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

PLEADING—AMENDED ANSWER—EFFECT.

In an action against a sheriff for the escape of a judgment debtor, the complaint alleged that the escape was without plaintiff's consent. The answer admitted all the facts alleged, except that the judgment was for a cause authorizing an execution against the debtor's body. *Held*, that the admission that the escape was without plaintiff's consent was not withdrawn by an amended answer consisting of the original answer, and additional allegations that the escape was with the consent of plaintiff and his agents, and was induced by their trick and fraud, for the sole purpose of creating a cause of action against defendant. Herrick and Putnam, JJ., dissenting.

Appeal from circuit court, Franklin county.

Action by Fred D. Berry against Edward F. Rowley, sheriff of Franklin county, N. Y., to recover for the escape of a judgment debtor of plaintiff from the liberties of the jail. From a judgment entered on the verdict of a jury in favor of defendant, and from an order denying a motion for a new trial made on the minutes, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John P. Kellas, for appellant.
S. A. Beman, for respondent.

LANDON, J.   The main question in the case is whether the plaintiff was entitled to have judgment directed in his favor.   The complaint charges facts sufficient to constitute a cause of action against the defendant for an escape, and alleges, among other things, that on April 2, 1895, "the defendant, without leave or license, and against the will of plaintiff, permitted the said judg-ment debtor, Louis Yell, to go at large and beyond the said jail liberties; and said judgment debtor did escape and go at large, wheresoever he would, out of the custody of the defendant, being sheriff as aforesaid, and beyond said jail liberties," etc.   This com-plaint was served April 22, 1895.   The defendant served his an-swer May 8, 1895, in which he admitted all the allegations of the complaint except the allegation that the judgment against Yell was for a cause authorizing the issue of an execution against his body.   The case came on for trial May 11, 1895, upon this com-plaint and answer.   The plaintiff's counsel read in evidence the complaint and original answer, also the judgment roll in the case against Yell, from which it appeared that the plaintiff was author-ized to issue an execution against the body of Yell, and thereupon the plaintiff rested.   The defendant was then, or at some other stage of the trial, permitted to serve an amended answer.   This consisted of the original answer with additional allegations, of which only the following are material here:

"That the said pretended escape alleged in the complaint herein was with the full knowledge and consent of the plaintiff and his agents, and was induced by the trick and fraud of the plaintiff and his agents for the sole and only purpose of creating a cause of action against the defendant, by which the plaintiff might collect the judgment set forth in the complaint herein."

The question presented by this amendment to the answer was then tried, the plaintiff's objections being overruled, and we as-sume from the charge of the court and the verdict that the jury found the fact to be as thus stated.   As the case stood upon the original answer and judgment roll read in evidence, the plaintiff was entitled to a verdict.   But the court, in its discretion, could permit an amended answer, and, when that was done, the amended answer superseded the original answer; and, although the original answer was read in evidence, it was only evidence, and no more conclusive than any other written admission which might be read in evidence.   The real difficulty arises from the fact that the amended answer contains all the allegations of the original, and thus admits that the defendant permitted the judgment debtor to escape without the consent of the plaintiff.   The additional alle-gations in the amended answer do not, either generally or specific-ally, deny this allegation of the complaint, but are inconsistent with it.   An inconsistent version of the transaction is not a denial of it.   Marston v. Swett, 66 N. Y. 206, 210; Wood v. Whiting, 21 Barb. 190; West v. Bank, 44 Barb. 175.   It must be held, therefore, that the testimony adduced by the defendant was addressed to no issue, and that the plaintiff was entitled to recover.   Paige v. Willett, 38 N. Y. 28; Tell v. Beyer, Id. 161; Fleischmann v. Stern, 90 N. Y. 110; Van Dyke v. MacGuire, 57 N. Y. 429.

It is probable that the defendant is placed in this position by his neglect to frame his amended answer properly,—a neglect which it is possible may not be irreparable. Instead of directing judgment absolutely against him, we reverse the judgment and order, and grant a new trial; costs to abide the event. So ordered.

PARKER, P. J., and MERWIN, J., concur. HERRICK and PUTNAM, JJ., dissent.