(19 App. Div. 522.)

## LAWTON v. HUDSON.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

JUDGMENT—RES JUDICATA—ADMISSIONS IN PLEADING.

    In an action to declare a chattel mortgage void for usury, and to obtain a return of goods seized under it, the defendant's answer alleged that the plaintiff had brought an action against the defendant in a justice's court for the return of the same property which defendant had taken by virtue

of the same chattel mortgage, that the defendant's right to take the property was at issue in such action, and that a judgment was rendered therein for the defendant. The plaintiff replied to this answer, admitting all these allegations, but denying that the validity of the chattel mortgage was at issue in the action in the justice's court. *Held*, that this was a conclusive admission, which the court had no authority to disregard, that the right to the possession of the chattels had been tried in the former action, the judgment in which was conclusive, not only as to the questions actually litigated therein, but as to all which could have been litigated, including the validity of the chattel mortgage.

Appeal from trial term.

Action by Chauncey A. Lawton against William Hudson. Judgment for plaintiff, and defendant appeals. Reversed.

This appeal is brought on to be heard upon what purports to be the judgment roll. The case is certified to by the attorneys as containing the judgment roll and defendant's exceptions to the decision. From this record it appears that the plaintiff brought his action complaining that he had theretofore executed and delivered to defendant a certain chattel mortgage; that said chattel mortgage was usurious and void; that he furnished to the defendant board and lodgings upon the understanding that the value thereof was to be applied towards the amount due upon the said chattel mortgage; that the defendant refused to apply the same, excepting a small portion thereof. He further alleges that the amount due upon said bond and mortgage had all been paid, except the sum of $40, prior to the commencement of this action, and that plaintiff had tendered the sum of $40, and asked the defendant to sign a satisfaction of the mortgage; that the defendant refused such tender, and refused to sign such satisfaction. And he further alleges that on or about the 12th of December, 1895, in spite of the facts before set out, the defendant wrongfully took from the possession of the plaintiff the goods and chattels set out in said mortgage, together with other goods and chattels, and he still unjustly detains the same from the possession of the plaintiff, and has advertised the same for sale under said chattel mortgage; and demands judgment that said chattel mortgage be declared to be usurious and void, or, in case that it is found to be a valid mortgage, that it be decreed that defendant has lost his lien upon the property by reason of the said tender and payment, and that the defendant be restrained from disposing of or selling the articles so taken from the possession of the plaintiff, and that he be required to return the same to the plaintiff, or, in the event of the same not being returned, that he be directed to pay the value thereof, which the plaintiff alleges to be the sum of $250. The defendant, in a supplemental answer to the plaintiff's complaint, among other things alleges: "First. That the plaintiff herein, on or about December 18, 1895, commenced an action against this defendant in justice's court in Saratoga Springs, N. Y., for the return of certain personal property, or the value thereof, if not returned, which plaintiff claimed to have owned, and that defendant had taken from plaintiff by virtue of the chattel mortgage set out in the complaint herein, without authority or consent of the plaintiff. Second. That defendant, in said action in justice's court, denied said complaint, and alleged said property was taken by him by virtue of the aforesaid chattel mortgage given by the plaintiff to defendant, under proceedings to foreclose said mortgage, and that the defendant had a right to take the said property on said mortgage claim." Such supplemental answer then proceeded to allege that the defendant's right to take such property by virtue of the said mortgage, and the validity of said mortgage given by plaintiff to defendant, were at issue in the justice's court, and that the validity of said mortgage was tried and passed upon in that action, and that the trial resulted in a verdict of no cause of action in favor of the defendant and against the plaintiff, thus establishing the defendant's claim that said mortgage was valid, and that the defendant had the right to seize, take, and sell said property under and by virtue of said chattel mortgage, and that judgment was entered in favor of the defendant and against this plaintiff, and pleads that such judgment of the justice's court now remains in full force and effect between plaintiff and

defendant, and that by reason thereof plaintiff is estopped from contesting the validity of such mortgage. The plaintiff made reply to the supplemental answer, a portion of which is as follows: "First. Plaintiff admits the first and second counts of said answer, except that portion of the first count in which it is alleged that defendant had taken from plaintiff by virtue of the chattel mortgage set out in the complaint herein, and as to that portion of said count the plaintiff has no knowledge or information sufficient to form a belief, and therefore denies the same." In the second paragraph of the reply the plaintiff denies all the other counts in said answer, and each and every allegation thereof, "except that plaintiff admits that the defendant's right to take said property was at issue in said action, and that a verdict of no cause of action was rendered against plaintiff on said issue, and judgment entered thereon, and the same is in full force and effect; the plaintiff hereby intending to deny and denying that the question of the validity of said chattel mortgage was at issue, or that said question was tried, passed upon, or determined in said action, or that plaintiff is estopped from contesting the validity of said mortgage herein." The case was tried during the October term of the supreme court in Saratoga county, and prior thereto, and on the 28th of September, the attorneys for the plaintiff and defendant entered into a stipulation, a portion of which is as follows: "It is admitted that the chattel mortgage, a copy of which is attached to the complaint in this action, is the same chattel mortgage that plaintiff introduced in evidence in the previous action in justice's court, * * * and which is referred to in defendant's supplemental answer in this action, and is the same mortgage on which defendant claimed that he seized and advertised plaintiff's property for sale." On the 21st day of September the defendant made a demand upon the plaintiff for a bill of particulars "of the items and each specific article of the 'other goods and chattels' which plaintiff alleges that defendant 'wrongfully took from the possession of the plaintiff,' together with the goods and chattels set out in said chattel mortgage." In response to that demand, plaintiff served upon the defendant's attorney a bill of particulars setting forth various articles of personal property, and concluding with these words: "Being the same articles set out in the plaintiff's complaint in the action heretofore tried between the parties hereto in the justice's court in the town of Saratoga Springs, N. Y., before William McNulty, Justice." The trial court made no finding as to the action in the justice's court, but found that the defendant, on or about the 12th of December, 1895, seized the goods and chattels mentioned in said mortgage, and took them from the possession of plaintiff, against his will, and without his consent, and has not returned them to said plaintiff, and that the value of the goods was $200; and he also found that the chattel mortgage was void for usury, and should be set aside, and that the defendant, in taking such goods, mentioned in the mortgage, converted them to his own use against the right of the plaintiff and lawful owner and possessor, and that the plaintiff is entitled to the return of the same, or their value of $200, and, in case they cannot be returned, judgment should be rendered in favor of the plaintiff and against the defendant in pursuance thereof, together with the costs of the action.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Jesse Stiles, for appellant.

H. P. Pendrick (J. W. Houghton, of counsel), for respondent.

HERRICK, J. The plaintiff, by his reply to the defendant's supplemental answer, admitted the commencement of the action in the justice's court by the plaintiff against the defendant for the return of certain personal property or the value thereof, as stated in the first paragraph of the supplemental answer, but did not admit that portion thereof which asserted: "Which plaintiff claimed to have owned, and that defendant had taken from plaintiff by virtue of the chattel mortgage set out in the complaint herein, without authority or consent of

the plaintiff." He admitted the second paragraph of the supplemental answer, which set forth that the defendant in the justice's court alleged that he had taken such property by virtue of the chattel mortgage given by the plaintiff to the defendant, and expressly admits that the defendant's right to take said property was at issue in the action in the justice's court, and that a judgment was entered therein; and by the written stipulation he admits that the mortgage in question in this action is the same mortgage that was introduced in evidence in the justice's court, and the same mortgage under which the defendant claims he seized and advertised plaintiff's property for sale; and in his bill of particulars he admits that the articles referred to in his complaint as having been wrongfully taken by the defendant under and by virtue of the chattel mortgage, which he claims to be usurious and void, together with "other goods and chattels," are the same articles set out in his complaint in the action brought by him against the defendant in the justice's court, and which resulted in a judgment in favor of the defendant and against the plaintiff. It therefore plainly appears that the right to the possession of these same articles in question here has heretofore been tried between the same parties in the justice's court; that the defendant there relied upon his right under the chattel mortgage to take such property, and the rightfulness of that claim must have necessarily been passed upon by that court in determining the issue raised between the parties. These admissions were matters of record in the case, and were conclusive upon the parties and the court, and the court had no authority to disregard them. Dale v. Gilbert, 128 N. Y. 625, 28 N. E. 512. They have been made a part of the judgment roll filed in the case, and are certified to us as part of the record upon which this appeal is to be heard, and we must so consider them. There is no pretense but what the justice's court had jurisdiction of the parties and of the subject-matter, and the judgment rendered is conclusive between the parties upon every question necessarily embraced in the judgment, or upon every question within the issues that could have been litigated. Collins v. Bennett, 46 N. Y. 490; Malloney v. Horan, 49 N. Y. 111; Dunham v. Bower, 77 N. Y. 76; Reich v. Cochran, 151 N. Y. 122–127, 45 N. E. 367; Griffin v. Railroad Co., 102 N. Y. 449, 7 N. E. 735. It makes no difference whether the question as to whether the mortgage was or was not usurious was passed upon in the former action. All questions as to the validity of the mortgage were fairly up when the defendant justified the taking of the property by asserting his mortgage. The principal issue there, as here, was whether the defendant's taking of the property was or was not wrongful; and that question has been passed upon. When an action has once been determined, and when through lack of knowledge or by design the plaintiff has neglected or failed to properly present the facts in his case, or to assert the proper reply to his adversary's defense or counterclaim, it would be intolerable to permit him to maintain another action for the same thing upon the plea that the facts he should have asserted and proved to maintain his former action were not passed upon in such action.

It appearing, therefore, from the record before us, that the subject-matter of this action has been litigated in a former action between

the same parties, and a judgment therein rendered, which stands unreversed, the judgment herein appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.