**NATIONAL RADIATOR CO. v. HULL et al.**

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. GUARANTOR — RELEASE BY EXTENSION OF TIME — NECESSITY OF PLEADING.
   Extension of time by the creditor to the debtor by the taking of a note cannot be established as a defense in an action against a guarantor, the release not being pleaded in the answer, though the giving and acceptance of the note is brought out by plaintiff's evidence.
2. STRIKING OUT EVIDENCE—ADMISSION WITHOUT OBJECTION.
   Evidence of conversations in the absence of defendants having been received without objection, there is no error in refusing to strike it out.

Appeal from municipal court of city of New York.

Action by the National Radiator Company against George I. Hull, Jr., and another. From a judgment for plaintiff after a trial without a jury, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and JENKS, JJ.

Marshall S. Hagar, for appellants.

J. Woolsey Shepard, for respondent.

HIRSCHBERG, J.   The plaintiff is a foreign corporation, the successor in interest of the Fowler Radiator & Manufacturing Company, also a foreign corporation, whose property and assets the plaintiff was incorporated for the purpose of taking over.   The action is brought to recover two invoices of goods sold by the Fowler Company and guarantied by the defendants,—one to Winfield Jarrett, and the other to the firm of Lake Bros.   The answer is a general denial, and payment of the defendants' account in full to the plaintiff's assignor. There was no claim or pretense on the trial that the defendants have paid either of the accounts sued on, and the fact that they duly guarantied the accounts is undisputed.   As to the Jarrett claim, the appellants assert that, the plaintiff's assignor having taken Jarrett's promissory note for the amount of the debt after its maturity, which presumably operated to extend the credit, they were thereby released from liability on the guaranty.   There are certainly two answers to the contention. The release is not pleaded in the answer, and cannot, without such plea, be established as a defense.   The fact that the. giving and acceptance of the note was brought out by the plaintiff's evidence does not change the rule.   Paige v. Willet, 38 N. Y. 28, 31.   But the evidence indicates not only that the note was taken with the knowledge and consent of the defendants, but that they actually were the procuring agency for that purpose, and must be deemed to have waived any claim to a release.   The plaintiff's assignor having written to the defendants to the effect that the Jarrett account was unpaid, the defendants wrote in reply that they would see him, and see if they could not "hustle him in the payment."   Three days later the defendants again wrote to the plaintiff's assignor, saying that they had seen Jarrett, and that "he will send a note to you to-night, with interest in full, and regrets very much that he has kept you waiting."

The appellants further contend that evidence of conversations with a member of the firm of Lake Bros. was improperly received, the defendants not being present during the interview.   It is sufficient answer that no objection was taken.   After the evidence was in, there was, indeed, a motion to strike it out; but the denial of such motion under the circumstances is not necessarily reversible error.   The proof established the sale and delivery of the accounts and the transfer or assignment of the claims to the plaintiff, and, no question being raised as to the validity of the guaranty, the judgment should be affirmed.

Judgment of the municipal court affirmed. with costs.   All concur.