### HOSMAN v. KINNEALLY.

(Supreme Court, Appellate Term.  January 25, 1904.)

1. CONTINUANCE—ABSENCE OF WITNESS—DISCRETION—SUBPOENA.

An application for a continuance for the absence of a material witness was properly refused where it did not appear that the witness had been subpœnaed, or that any effort had been otherwise made to procure his attendance.

2. SAME—UNINCORPORATED ASSOCIATION—LIABILITY OF OFFICER.

An action cannot be maintained against an officer of an unincorporated association consisting of more than seven members, unless the debt which plaintiff seeks to recover is one on which he could maintain an action against all the associates jointly or severally.

3. SAME—AUTHORITY OF OFFICER.

Where an unincorporated political organization, consisting of more than seven members, published a newspaper, which was in charge of a board of trustees, the members of the organization were not liable for services of a person employed to work on such paper by the manager, in the absence of proof that the manager was authorized to contract for such services on the individual credit of such members.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Dow Hosman against John J. Kinneally, as treasurer of the Socialist Labor Party.  From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Benjamin Patterson, for appellant.
Kline & Burkan, for respondent.

MacLEAN, J. Upon the return day, July 14, 1903, the parties herein appeared by counsel, and, issue being joined, the case was adjourned to August 3d following, and thereafter from time to time until November 2, 1903, when the cause was tried. So runs the return, and at the trial the following:

"Defendant's Counsel: I wish to place on record my application for an adjournment of this trial, which was made this morning, on account of the absence of Daniel De Leon, a material witness, who is out of the city, and by whose testimony the defendant desires to prove a release, for valuable consideration, of the alleged claim on the part of the plaintiff. The Court: The motion for an adjournment is denied. (Exception.) Defendant's Counsel: Without his testimony we claim we cannot safely go to trial."

It is now urged that the refusal of the trial justice to adjourn the trial was such an abuse of discretion as to call for reversal of the judgment. But, as it does not appear that the witness had been subpoenaed, or that any effort otherwise had been made to procure his attendance, the application was properly denied. Keller v. Feldman (Com. Pl.) 21 N. Y. Supp. 581. Suing the defendant as treasurer of the Socialist Labor Party to recover a balance for services alleged to have been performed upon The Daily People, a paper published by that party, an unincorporated association consisting of more than seven members, the plaintiff called as witness its national secretary, who testified upon the direct that one Hugo Vogt was the general manager of the paper, but upon cross-examination that the national convention had provided that the board of trustees, consisting of Peter Fiebiger, Hugo Vogt, and Joseph H. Sauter, should have the management, and that Vogt was employed by the board. The plaintiff then testified to his employment by Vogt, and to the terms. "But the plaintiff cannot, in any case, maintain such an action against the officer, unless the debt which he seeks to recover is one upon which he could maintain an action against all the associates by reason of their liability therefor, either jointly or severally. This, therefore, is the test to be applied in the present case." McCabe v. Goodfellow, 133 N. Y. 89, 92, 30 N. E. 728, 729, 17 L. R. A. 204. While the nature of the association does not appear from the record, it may be recognized as a political organization, distinct from associations formed for the purpose of pecuniary profit, and hence it is quite unlikely that its members ever intended the transaction of business upon their individual credit. "The individual liability of the members for contracts made by the association or its officers or committees depends upon the application of the principle of the law of agency, and authority to create such liability will not be presumed or implied from the existence of a general power to attend to or transact the business or promote the objects for which the association was formed, except where the debt contracted is necessary for its preservation." McCabe v. Goodfellow, 133 N. Y., at page 95, 30

N. Y. Supp. 730, 17 L. R. A. 204. As the plaintiff failed to establish the individual liability of the members for the debt, the judgment rendered in his favor was improper, and should be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.