FIEBIGER v. FORBES.

(Supreme Court, Appellate Term. May 5, 1904.)

1. PLEADINGS—ADMISSIONS—CONCLUSIVENESS.
    A defendant admitting, by not denying, the allegations of the complaint, is concluded by the admission, and cannot at the trial contradict the admitted fact.

Appeal from City Court of New York, Trial Term.

Action by Peter Fiebiger against Eber Forbes, as treasurer of the Socialist Labor Party. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Benjamin Patterson, for appellant.
Nathan Burkan, for respondent.

FREEDMAN, P. J.  This action was brought to recover a sum of money lent by the plaintiff to the Socialist Labor Party, which is an unincorporated association consisting of more than seven members, and of which the defendant is the treasurer.  The defendant contends that the said party is to be recognized as a political organization distinct from associations formed for the purpose of pecuniary profit, and that therefore no authority in its board of trustees to create a contract liability, which involves individual liability of the members of the party, can be presumed or implied from the existence of a general power to attend to or transact the business of the association, except where the debt contracted is necessary for its preservation—citing Hosman v. Kinneally (decided by this court in January, 1904) 86 N. Y. Supp. 263—and that, under the operation of this rule, plaintiff's complaint should have been dismissed at the trial for insufficient proof of the necessary authority in the board of trustees.  But quite a different case is presented now.  The answer in the case at bar, by not denying, admits the allegation of the complaint that the Socialist Labor Party was and is an association carrying on the business of publishing newspapers, including a daily newspaper called "The Daily People," and owned and owns a printing plant, including valuable machinery, necessary for and used in carrying on said business.  The defendant was concluded by this admission, and could not at the trial contradict the fact admitted.  Paige v. Willet, 38 N. Y. 28; Schreyer v. Mayor, etc., 39 N. Y. Super. Ct. 1; Ferris v. Hard, 135 N. Y. 354, 361, 32 N. E. 129.  Moreover, the proof at the trial showed that the Socialist Labor Party differs materially from other political parties in the form of organization, and that its organization was cast in the form of a close association, similar to co-operative societies.  And finally, upon evidence given by both parties, sufficient to carry the case to the jury, the question as to the authority of the trustees who contracted the debt represented by the loan, and who were expressly admitted to have been the agents of the Socialist Labor Party, to contract the debt as they did, was submitted to the jury as one of fact, together with the question whether the loan was made as claimed by the plaintiff.  Both these questions were submitted to the jury under a charge quite favorable to the defendant.  No exception was taken to it or any part thereof, and no request made for further instruction.  Upon the whole case, no reason appears for disturbing the verdict.

The judgment and order should be affirmed, with costs.  All concur.