(45 Misc. 411)

HOSMAN v. KINNEALLY.

(Supreme Court, Appellate Term. November 10, 1904.)

1. VOLUNTARY ASSOCIATIONS—CONTRACTS OF EMPLOYMENT—ENFORCEMENT.
    Defendant, a voluntary political association, employed plaintiff to work on a newspaper published by it at an expense met by stated contributions from the members of the party, which paper was operated by agents appointed to conduct the publication, who had no authority to incur liabilities beyond the fund provided. When plaintiff was employed, the fund applicable was sufficient to pay for his services; but the printing plant was subject to liens, to the satisfaction of which the money on hand was devoted by defendant's agents, with the result that the plant was finally turned over to the association at a materially enhanced value; the increase representing, in part, the indebtedness incurred for plaintiff's services. *Held,* that defendant was liable for the amount due plaintiff under such circumstances, to the extent of the fund so diverted.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Dow Hosman against John J. Kinneally, as treasurer of the Socialist Labor Party. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

For former opinion, see 86 N. Y. Supp. 263.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Benjamin Patterson, for appellant.
Nathan Burkan, for respondent.

BISCHOFF, J. The plaintiff sues for services rendered to the Socialist Labor Party, a voluntary association, in the publication by the association of a newspaper called "The Daily People"; and his recovery is assailed upon the ground that the association, organized for political and not business purposes, is not to be made liable for debts contracted by its agents, except where the power to pledge its credit is given by the constitution or by-laws. Upon an earlier appeal this court applied the rule referred to, and reversed a judgment for the plaintiff. Hosman v. Kinneally, 43 Misc. Rep. 76, 86 N. Y. Supp. 263. And the same result has lately been reached by the Appellate Division of the Second Department (Lightbourn v. Walsh, 97 App. Div. 187, 89 N. Y. Supp. 856); the decision having proceeded upon the absence of proof of agency to employ the plaintiff upon credit, in view of the express provisions of the constitution, and the nature of the enterprise.

This newspaper, according to the scheme adopted, was published at an expense met by stated contributions from the members; and, without more, the agents appointed to conduct the publication had no implied authority to incur liabilities beyond the amount of the fund thus provided. This is the rule which was applied by the decision above noted, but the facts in the present case none the less support a recovery upon the principle of ratification. It appears that when the plaintiff was employed the fund applicable was sufficient, but the printing plant was subject to liens, to the satisfaction of which the moneys in hand were devoted by the agents in

charge of the newspaper, with the result that the plant was finally turned over to the association at a materially enhanced value; the increase representing, in part, the amount of the indebtedness incurred for the plaintiff's services, where the fund applicable for the debt had been added to the property which the association thus received. When the association, by resolution, accepted the plant from its agents, styled the "Board of Trustees," it also accepted the burdens incident to the benefit conferred by the agent's acts; it being apparent from the resolutions that the association had knowledge of the fact that the increased value of the property was in part represented by liabilities incurred. Meehan v. Forrester, 52 N. Y. 277, 280; Hyatt v. Clark, 118 N. Y. 563, 23 N. E. 891; Hobkirk v. Green, 26 Misc. Rep. 18, 55 N. Y. Supp. 605.

Judgment affirmed, with costs. All concur.