### HARRIS v. STRIKER.

(Supreme Court, Special Term, Erie County. June 6, 1912.)

BILLS AND NOTES (§ 484*)—ACTION—PLEADING—ISSUES—PAYMENT.

Issue in an action on a note is raised by the affirmative pleading in the answer of full payment, without a specific denial of the allegation in the complaint of nonpayment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1535–1538, 1563; Dec. Dig. § 484.*]

Action by Mark Harris against George A. Striker. Plaintiff moves for judgment on the pleadings. Motion denied.

Norton, Penney, Spring & Moore (Mr. Albro, of counsel), for plaintiff.

William H. Armstrong, for defendant.

POOLEY, J. This is an action on a promissory note under the usual allegations, including that of nonpayment. The answer contains no specific denial of any allegation of the complaint, but specifically alleges full payment and satisfaction of the note before the commencement of the action. This is a motion by plaintiff for judgment on the pleadings, on the ground that there is no specific denial of the allegations of the complaint, and that the affirmative allegation of payment by the defendant does not meet the requirements of the Code.

In Van Giesen v. Van Giesen, 10 N. Y. 316, it was held that a complete issue is framed by an averment of nonpayment in the complaint, and an allegation of payment in the answer.

In Lent v. N. Y. & Mass. Ry. Co., 130 N. Y. 504, 29 N. E. 988, it was held that facts material to plaintiff's cause of action and essential to be proved must be pleaded; and there is no presumption that defendant has failed in his duty or omitted to perform his obligation; and that, in an action on an alleged indebtedness, an allegation in the complaint of nonpayment is essential.

Possession of a promissory note by the payee is presumptive of nonpayment, and upon a trial the presentation of the note in the hands of the plaintiff makes out a prima facie case; so it is argued that an allegation of nonpayment is not an essential averment in the complaint, and if it is not essential, the failure to deny it in the answer is not fatal to the pleading, where the answer sets up the affirmative defense of payment in full.

There are many cases where there is no proper denial of the allegations of the complaint, and where facts are set forth as a defense, inconsistent with the complaint, or giving a different version of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

transaction. In such cases, it has been held that these answering allegations cannot be construed as a denial so as to prevent the allegations of the complaint from being taken as true. This is held in the cases cited by the plaintiff on this motion. Fleischmann v. Stern, 90 N. Y. 110; Rodgers v. Clement, 162 N. Y. 428, 56 N. E. 901, 76 Am. St. Rep. 342; Smith v. Coe, 170 N. Y. 167, 63 N. E. 342; Berry v. Rowley, 11 App. Div. 396, 42 N. Y. Supp. 368.

But here, if plaintiff's contention be true, the defendant must deny that the note has not been paid, and then must allege his defense that the note has, in fact, been paid.

I am of the opinion that these two allegations are not essential in the answer, and that the defense of payment is sufficient to raise the issue. The language of the present Code relative to the requirements of an answer are precisely like that of the Code of 1848, under which the ruling in the Van Giesen Case was made.

A general denial, or a denial of the allegation that the note had not been paid, would not avail, and defendant would be precluded, because payment, which is an affirmative defense, was not pleaded. But here the defendant has pleaded payment affirmatively, and it seems to me that it would be idle to hold that, in addition, he should be compelled to allege that he denied that the note had not been paid.

Motion denied, with $10 costs.